## SIMON P. SNYDER *vs.* PETER WOLFORD.

### February 5, 1885.

**Statute of Frauds—Contract to Purchase Land and Divide Profits of Resale.**—A and B agreed orally that A should negotiate for B the purchase, at a certain price, of a piece of land, the price to be paid and title taken by B, and that upon a sale the profit should be divided between them. *Held,* not within the statute of frauds, and that no trust was created.

**Evidence—Writing.**—A memorandum of the transaction made by A in a book of B, in his presence and at his request, is evidence in behalf of A against B.

Plaintiff brought this action in the district court for Hennepin county, to recover one-half of the net profits made on the purchase and sale of certain real estate. A jury was waived, and the action tried by *Koon,* J., who found the facts as stated in the opinion, and ordered judgment for plaintiff for $1,890, with interest from August 8, 1881. Defendant appeals from an order refusing a new trial.

*F. Hooker* and *Shaw & Cray,* for appellant.

*Snyder & Jameson* and *Hart & Brewer,* for respondent.

GILFILLAN, C. J. As the facts are found by the court below,—and the evidence of the plaintiff, taken as a whole, justifies the finding,— the plaintiff, in 1871, ascertained that a certain piece of land in Minneapolis could be purchased at the price of $3,000, and orally agreed with the defendant that he would negotiate the purchase of the same at that price for defendant, the defendant to pay the purchase price and take a conveyance of the land, and that, when defendant should sell the land, the profits (the defendant being allowed interest at the rate of 12 per cent. per annum upon the price paid by him) should be divided equally between them. The purchase was so made, the land conveyed by the vendor to defendant, and, upon a sale by him some years after, a large profit was made, after allowing said 12 per cent. This action is brought to recover one-half of such profit.

This agreement is not within the statute of frauds. It manifestly did not contemplate that plaintiff should have any estate or interest

in the land, or be interested in any way in the transaction, unless upon a sale there should be a profit, and then only in the profit, and to the extent of one-half thereof. If there should be no profit, he would get nothing. If there should be a loss, he would lose only his time and trouble in making the purchase. The agreement was rather one of employment or agency than for an interest in real estate. In a great many cases similar oral agreements have been held to be valid, and we find no decision to the contrary. See *Trowbridge* v. *Wetherbee*, 11 Allen, 361; *Bunnel* v. *Taintor*, 4 Conn. 568; *Harben* v. *Congdon*, 1 Cold. 220; *Benjamin* v. *Zell*, 100 Pa. St. 33; *Gwaltney* v. *Wheeler*, 26 Ind. 415; *Bruce* v. *Hastings*, 41 Vt. 380; *Heyn* v. *Philips*, 37 Cal. 529; *Lesley* v. *Rosson*, 39 Miss. 368. No trust in respect to the profits existed other than such as arises upon the receipt by one of money which he has agreed to pay on such receipt to another.

On the trial, plaintiff introduced, against defendant's objection that it was incompetent, what purported to be a memorandum of the transaction made by him in a book of defendant. Plaintiff testified that he made it in the presence and at the request of defendant. If that was so,—and the question was one of fact,—the memorandum was the act of defendant as much as though he had made it with his own hand, and consequently was evidence against him.

Order affirmed.