(March 8, 1886.)

## MOTHERWELL ET AL. v. TAYLOR.

[10 Pac. 304.]

RESULTING TRUST—WHEN RAISED.—A resulting trust is raised only when there is fraud in the acquisition of title, or where the money of one is used to pay for real property, the title to which is taken in the name of another at the time said title is taken, and neither a promise to pay nor after-payment will give rise to such a trust.

APPEAL from District Court, Alturas County.

*J. B.* Roseborough and *L.* Vineyard, for Appellants.

Defendant claims that when he made the purchase the Snow Fly was of no value, and the Davitt of small value; this only goes to the extent, and not to the fact and quality, of the fraud. Here, also, his acts refute his word, for soon afterward he bought and paid $1,000 for a quarter of the latter without any new developments in either claim. Defendant, acting in the fiduciary relations aforesaid, having invested the means of the partnership loaned and advanced by him in the purchase of the interests in both claims, and taken a deed to half the Snow Fly in his own name, a resulting trust arose as to that which fastens itself upon his conscience against his wishing and intentions, in favor of these plaintiffs, and he is bound to share with them the profits thus derived in course of the trust. (2 Story's Equity Jurisprudence, secs. 1258-1260; *Murray v. Lylburn,* 2 Johns. Ch. 441; 1 Perry on Trusts, secs. 124, 125, 128.)

George H. Roberts and F. E. Ensign, for Respondent.

It is claimed that certain of the findings are not supported by the evidence. There is no material point in the case in which there is not a substantial conflict in the testimony. Where there is a substantial conflict in the evidence, the supreme court will not disturb the decision of the court below. (Hayne on New Trial and Appeal, sec. 288, and cases cited; *Doe v. Vallejo,* 29 Cal. 390.) The appellate court will not disturb a judgment or verdict, or order denying a new trial, where there is a substantial conflict in the testimony, and no rule of law appears

to have been violated. (*Mootry v. Hawley,* 1 Idaho, 543; *Cox v. N. W. Stage Co.,* 1 Idaho, 376.)

HAYS, C. J.—This action was brought to declare a partnership and a resulting trust in favor of the plaintiffs in certain mining property. The theory of the plaintiffs was that a mining partnership was entered into between plaintiffs and defendant, Frank Taylor, about the first day of August, 1882; and it is alleged by plaintiffs that at the same time defendant agreed to negotiate for, and if possible buy in, for the partnership, of one Joseph Taylor, a conflicting claim called the "Far West," in the Davitt mine; that on or about the eighteenth day of August, 1882, the defendant purchased said claim, together with an interest in the "Snow Fly" claim, then a prospect, for $600; that the said sum of $600 was by defendant loaned or advanced to the partnership, and security taken therefor upon the ores upon the dump and in sight in the Davitt mine; that afterward the $600 so paid for the interest in the claim was repaid to Frank Taylor from the proceeds of the Davitt mine; that defendant, Frank Taylor, had fraudulently concealed from the plaintiffs the fact that he (defendant) had purchased an interest in the Snow Fly, and that plaintiffs did not ascertain the fact for more than a year after the transaction. The plaintiffs claim that by reason of these facts there was a resulting trust in their favor in and to the Snow Fly mining property.

The case was tried by the court, and the findings were, in substance, that there was no partnership entered into until after the purchase of the claim from Joseph Taylor; that the defendant, Frank Taylor, paid for the entire property purchased of Joseph Taylor from his (defendant's) own funds; that defendant did not take any security from plaintiffs for the money so paid for the claim; that the $600 was, after the purchase, repaid from the proceeds of the Davitt mine; that there was no fraudulent concealment of facts on the part of the defendant, Frank Taylor; that all the agreement between the plaintiffs and defendant as to the partnership was made contingent upon the purchase of the conflicting claim; and that as it was not partnership funds that purchased the claims, there was no resulting trust in favor of the plaintiffs in the Snow Fly mining property. On the findings and conclusions of law, judgment was rendered

against the plaintiffs. Motion for new trial was overruled, and from the judgment and order overruling the motion for a new trial, the plaintiffs appeal to this court.

The question is, Was the money used by the defendant Taylor, in the purchase of the two claims, partnership funds? If it was not, then there is no resulting trust. As we understand the law applicable to this case, it was the payment of the purchase money at the time the title was obtained that would raise a trust of this kind, and neither a promise to pay nor after-payment is sufficient. Here the defendant paid his own money, and we cannot see that he took any security therefor. Certainly there was nothing said or done which would have made the plaintiffs personally liable to the defendant, Taylor, for the money; nor was there any note or other security in writing taken, nor property pledged and delivered to defendant. We conclude from the record that defendant purchased the claims with the view of getting his money back from the proceeds of the mine, if he could do so, and that there was no partnership at the time of the purchase. (*Ryan v. Dunphy,* 4 Mont. 342, 1 Pac. 711; *Snyder v. Wolford,* 33 Minn. 175, 22 N. W. 254.)

We have examined the record and see no error. Judgment of the court below is therefore affirmed.

Buck and Broderick, JJ., concurring.