(May 26, 1899.)

## BRANSTETTER v. MANN.

[57 Pac. 433.]

TRUST—EVIDENCE.—One who takes title to real estate, purchased with funds of another, and for the benefit of the latter, holds as trustee, and parol evidence is admissible to establish such trust.

(Syllabus by the court.)

APPEAL from District Court, Boise County.

Hawley & Puckett, for Appellants.

Trusts, considered with reference to their creation or inception, are either express or implied. To create an express trust, words evincing the intention to create the trust must be used; while implied trusts are such as arise by implication of law, or are presumed without an express declaration in order to prevent fraud and satisfy the demands of justice. Resulting and constructive trusts are necessarily implied trusts. (27 Am. & Eng. Ency. of Law, 6, and notes; 10 Am. & Eng. Ency. of Law, 2.) A mere parol agreement, declaration or voluntary conveyance, will not create an implied trust; nor will payment of money or other transaction subsequent to the time of the conveyance. (10 Am. & Eng. Ency. of Law, 12; *Walter's Appeal* (Pa. St.), 8 Atl. 406; *Olcutt v. Bynum,* 17 Wall. 44; *Bailey v. Hemenway,* 147 Mass. 326, 17 N. E. 645, 6 New Eng. Rep. 613; *Lehman v. Lewis,* 62 Ala. 129; *Never v. Crane,* 98 N. Y. 40; *Boyer v. Floury,* 80 Ga. 312, 5 S. E. 63.) But if our contention in this regard is wrong, still the decree cannot be sustained, even where parol evidence is admissible to establish a trust; such evidence must be clear and satisfactory, and, when one of the parties is dead, should be unequivocal and free from doubt. (*Trout v. Trout,* 44 Iowa, 471; *Morve v. Graves,* 23 Iowa, 597; *Childs v. Griswold,* 19 Iowa, 362.) The supreme court of Missouri has gone further in this regard even than the above, and in *Rogers v. Rogers,* 87 Mo. 257, say that in order to establish a trust in lands by parol, the evidence must be so cogent as to leave no room for reasonable

doubt in the mind of the chancellor. To the same effect are *Forrester v. Scoville,* 51 Mo. 268; *Rengo v. Richardson,* 53 Mo. 385; *Kennedy v. Kennedy,* 57 Mo. 73; *Johnson v. Quarles,* 46 Mo. 423. The burden rests heavily upon the person seeking to enforce the trust to establish it. (*Whitmore v. Leonard,* 70 Mo. 276; *Lehman v. Lewis,* 62 Ala. 129.) In this case, if a trust was even in existence it was extinguished by the deeds given by Nobel. (*Carter v. Hopkins,* 79 Cal. 82, 21 Pac. 549.) An absolute conveyance of lands cannot, after its execution, be turned into a trust by any subsequent oral declarations of the parties thereto. (*Sherman v. Sandell,* 106 Cal. 373, 39 Pac. 797.)

George Ainslie, for Respondents.

As to the resulting trusts it is held thàt: "If land is purchased in the name of one person, but the consideration is paid by another, such land, though conveyed to the former, will be held by him in trust for the latter. (10 Am. & Eng. Ency. of Law, 8, 9, 11, 12, 25, 26, and notes, and cases cited.) Intention is an essential element in a resulting trust, and, though not expressed in words, the law presumes the intent from the facts and circumstances accompanying the transaction, and the payment of the consideration for the whole, or a definite or aliquot part of the property sought to be impressed with the trust. Equity, in enforcing a constructive trust, can follow the real owner's property, and preserve his ownership into whatever form it may be changed or transmitted—even into the hands of third parties, so long as the property or fund into which it has been converted can be traced, until it goes into the hands of an innocent purchaser for value, and without notice. The rule applies to both real and personal property. (*Farmers' etc. Bank v. Kimball etc. Co.,* 1 S. Dak. 388, 36 Am. St. Rep. 739, 47 N. W. 402 et sep.; *McCahill v. McCahill,* 64 N. Y. St. Rep. 255, 32 N. Y. Supp. 836; *Woodside v. Hewel,* 109 Cal. 481, 485, 42 Pac. 152; *Beck v. Uhrich,* 13 Pa. St. 636, 53 Am. Dec. 507, and notes; 1 Greenleaf on Evidence, sec. 266; Idaho Rev. Stats., secs. 6007, 6008.) When the legal title to land has been acquired in pursuance of a verbal agreement to hold the same in trust, etc., a

trust is created by operation of law. (*Von Trotha v. Bamberger,* 15 Colo. 1, 24 Pac. 883; *Butte H. Co. v. Cobban,* 13 Mont. 351, 34 Pac. 24; *O'Connor v. Irvine,* 74 Cal. 435, 16 Pac. 236; *Robarts v. Haley,* 65 Cal. 397, 4 Pac. 385; *Riley v. Martinelli,* 97 Cal. 575, 33 Am. St. Rep. 209, 32 Pac. 579; *Boyd v. McLean,* 1 N. Y. Ch. Rep. 254, 255, 1 Johns. Ch. 582, and notes.) And such trust may be proved by parol, it not being within the statute of frauds. (*Boyd v. McLean,* 1 Johns. Ch. 582, 1 N. Y. Ch. Rep. 254-258, and notes; *Berry v. Wiedeman,* 40 W. Va. 36, 52 Am. St. Rep. 866, 20 S. E. 817; *Botsford v. Burr,* 1 N. Y. Ch. Rep. 426-428, and notes, 2 Johns. Ch. 405 et seq.) If a *cestui que trust* pays only a part of the purchase money there will be a resulting trust in his favor *pro tanto.* (*Botsford v. Burr, supra,* p. 428, and notes, citing *Voorhees v. Presbyterian Church of Amsterdam,* 8 Barb. 145; S. C., 5 How. Pr. 68; *Ross v. Hegeman,* 6 N. Y. Ch. Rep. 434, 2 Edw. Ch. 373; *Astreen v. Flanigan, etc.,* 6 N. Y. Ch. Rep. 656, 3 Edw. Ch. 279, 280, and notes; *Getman v. Getman,* 5 N. Y. Ch. Rep. 472, 1 Barb. Ch. 500; *Kane v. Bloodgood,* 2 N. Y. Ch. Rep. 231, 7 Johns. Ch. 90, 91, and notes, 11 Am. Dec. 417; *Riley v. Martinelli,* 97 Cal. 575, 33 Am. St. Rep. 209, 32 Pac. 579; 10 Am. & Eng. Ency. of Law, 15, 16, 25, 26, and notes.) Independent of these authorities, respondents, with due deference to counsel for appellants, respectfully state that, under the evidence, plaintiffs, under their amended complaint, could not have a judgment in their favor sustained. There would be a fatal variance, or failure of proof, rather, as it has been universally determined that the *allegata* and *probata* must correspond. (*Tomlinson v. Monroe,* 41 Cal. 94; *Evans v. Bailey,* 66 Cal. 112, 4 Pac. 1089, 4 West Coast Rep. 427; *Smith v. Frost,* 70 N. Y. 65; *Johnson v. Moss,* 45 Cal. 515, and numerous other authorities.)

QUARLES, J.—The plaintiffs claim to own an undivided one-half interest in and to a certain ditch known as the "Carmody ditch," conveying two hundred and fifty inches of water, with a like interest in the water right appurtenant thereto, and plaintiffs assert that the other half of said ditch and water right is owned by the defendants. Plaintiffs aver that by

mutual consent the defendants took and had the sole use and possession of said ditch and water right during the mining season of 1894, as bailees of plaintiffs, and that the rents, issues and profits resulting from rental and sale of waters therefrom during said season was the sum of $1,460 over and above the expense of caring for and maintaining said ditch and water right, which sum, the plaintiffs allege, has not been accounted for by the defendants to the plaintiffs. This suit was brought by the plaintiffs to recover one-half of said sum, to wit, the sum of $730. The answer specifically denied the allegations of the complaint, and affirmatively alleged ownership in the defendants to an undivided three-fourths of said ditch and water right and alleged other affirmative matter in defense of plaintiffs' action. The cause was tried by the court without a jury, and findings of fact made and judgment rendered in favor of the defendants. Plaintiffs moved for a new trial, which was denied, whereupon they appealed from the judgment and from the order denying a new trial. The errors relied upon by the appellants for a reversal are: 1. That the finding that the defendants own three-fourths of the ditch and water right is not supported by the evidence; 2. That plaintiffs were entitled to the judgment demanded, and the judgment for the defendants is not supported by the evidence; 3. Appellants also specify eight errors in allowing certain evidence to be introduced.

We find in the record a conflict of evidence upon the material issues, and do not feel justified or authorized to disturb any of the findings. It is alleged in the answer, and found as facts by the court, that the interest in dispute in the ditch in question (an undivided one-half) was purchased by one W. B. Noble (one-half thereof for plaintiffs, and the other one-half for the predecessors of the defendants) in 1877, and the deed therefor taken in the name of W. B. Noble; that one-half of the purchase price therefor was advanced to said Noble by the predecessors of the defendants, and used by said Noble in paying for said interest in the ditch, the said Noble agreeing to hold one-half of said interest for the predecessors of defendants; and that for more than ten years prior to the commencement of this action the defendants have been in the possession

of said ditch and water right, holding and claiming three-fourths thereof for themselves and one-fourth thereof for the plaintiffs.

The remaining errors assigned by the appellants are to the rulings made by the trial court in admitting parol testimony to show the resulting trust under the Noble deed to the predecessors of the defendants. Such evidence was admissible, and not prohibited by our statute of frauds. One who takes the title to real estate purchased with funds of another, and for the benefit of the latter, holds as trustee, and parol evidence is admissible to establish such trust. In this case it appears that Noble, the trustee, afterward, by deed, conveyed the entire interest held by him as such trustee to plaintiffs; but the position of plaintiffs is not improved by such subsequent deed, as they knew the circumstances under which Noble held, and are charged with notice of the trust. Finding no reversible error in the record, the order denying a new trial and the judgment appealed from are affirmed, with costs to respondents.

Huston, C. J., and Sullivan, J., concur.