(November 23, 1908.)

## T. RALPH PITTOCK, Respondent, v. STELLA PITTOCK, Appellant.

[98 Pac. 719.]

EJECTMENT—ALLEGATIONS OF COMPLAINT—ALLEGATIONS OF ANSWER AND CROSS-COMPLAINT — FINDINGS — RESULTING TRUST — STATUTE OF FRAUDS—SUFFICIENCY OF EVIDENCE.

1. Where all of the findings of fact in regard to the issues made by the cross-complaint alleging a resulting trust are that the court finds "that there is no competent evidence to sustain the facts as stated in the allegation" (giving its number as it appears in the cross-complaint and following that with the allegation), it is not a sufficient finding of fact.

2. A resulting trust may be established by parol evidence.

3. A resulting trust arises by operation of law in favor of a person who advances the purchase money for land, though the title be taken in the name of another; or in favor of a person for whom it is advanced by way of a loan, the title being taken in the name of the lender; and such trust may be established by parol evidence.

4. Such a trust, being one which results by implication or construction of law, does not fall within the provisions of the statute of frauds, and may be established by parol evidence.

5. *Held*, that on a retrial of this case, all evidence offered by the appellant tending to show a resulting trust should be admitted.

(Syllabus by the court.)

APPEAL from the District Court of Nez Perce County. Hon. Edgar C. Steele, Judge.

Action in ejectment with cross-action to declare a resulting trust. Judgment for plaintiff. *Reversed.*

Geo. W. Tannahill, for Appellant.

"A resulting trust, being one which results by implication or construction of law, does not fall within the provisions of the statute of frauds, and may be established by parol evidence." (*Bates v. Kelly,* 80 Ala. 142; *Harden v.*

*Darwin,* 66 Ala. 55; *Rose v. Gibson,* 71 Ala. 35; *Boyd v. McLean,* 1 Johns. Ch. 582; *Lehman v. Lewis,* 62 Ala. 129; *Walker v. Elledge,* 65 Ala. 51; *Rhea v. Tucker,* 56 Ala. 450; *Richardson v. Taylor,* 45 Ark. 472; *Church v. Sterling,* 16 Corn. 388; *Leakey v. Gunter,* 25 Tex. 400; *Rogan v. Walker,* 1 Wis. 527; *Buck v. Pike,* 11 Me. (Fairf.) 9; *Livermore v. Aldrich,* 59 Mass. (Cush.) 431; *Hidden v. Jordan,* 21 Cal. 92; *Walton v. Karnes,* 67 Cal. 255, 7 Pac. 676; *Caruthers v. Williams,* 21 Fla. 485; *Poulet v. Johnson,* 25 Ga. 403; *Scheerer v. Scheerer,* 109 Ill. 11; *Towle v. Wadsworth,* 147 Ill. 80, 30 N. E. 602, 35 N. E. 73; *Myers v. Jackson,* 135 Ind. 136, 34 N. E. 810; *Faris v. Dunn,* 70 Ky. (7 Bush) 276; *Beck v. Beck,* 43 N. J. Eq. 39, 10 Atl 155; *Lloyd v. Woods,* 176 Pa. 63, 34 Atl. 926; *Whitmore v. Learned,* 70 Me. 276; *Avery v. Stewart,* 136 N. C. 426, 48 S. E. 775, 68 L. R. A. 776; *Cloninger v. Summit,* 55 N. C. 513.)

Chas. L. McDonald, and D. E. Hodge, for Respondent.

"A constructive trust arises only in cases of misappropriation of the property of the *cestui que trust.*" (Pomeroy's Eq. Jur., sec. 1044 et seq.; 20 Cyc. 234, and cases there cited; *Largey v. Leggat,* 30 Mont. 148, 75 Pac. 950.)

"A resulting trust is raised only where there is fraud in the acquisition of title, or where the money of one is used to pay for real property, the title to which is taken in the name of another at the time said title is taken, and neither a promise to pay nor any after payment will give rise to such a trust." (*Motherwell v. Taylor,* 2 Ida. 254, 10 Pac. 304; *Lewis v. Lewis,* 3 Ida. 645, 33 Pac. 38.)

"Evidence to establish a resulting trust must be clear and convincing, and when the testimony is in doubt, or the evidence conflicting, the legal title must prevail." (*De Roboam v. Schmidtlin* (Or.), 92 Pac. 1082; Pomeroy's Eq. Jur., sec. 1040; *Rice v. Rigley,* 7 Ida. 115, 61 Pac. 290.)

SULLIVAN, J.—The complaint in this action contains the usual allegations in an action in ejectment. It alleges that plaintiff is seised in fee, the owner of, and entitled to the pos-

session of that certain land or lot described in the complaint, it being a lot or lots situated in the city of Lewiston, with a dwelling-house and other improvements thereon. It is alleged that while the plaintiff was so seised of said premises, the defendant without right or title entered into the possession of said premises and ousted and ejected the plaintiff therefrom, and now unlawfully withholds the possession thereof from the plaintiff, to his damage in the sum of $100; that the values of the rents, issues and profits of said premises from November 1, 1907, and while the plaintiff was excluded therefrom, was the sum of $25, and prays judgment for the recovery of the possession, $100 damages, and for the sum of $25 as the value of the rents, issues and profits.

The defendant by her answer denies each of the material allegations of the complaint, and sets up three separate defenses, which defenses were treated as a cross-complaint on the trial, and treated as denied by the plaintiff. She avers that John W. Pittock and she were, during the times mentioned in the complaint and up to January 19, 1908, husband and wife, said John W. Pittock having died on that day; that prior to April 16, 1907, she, with her said husband, entered into an agreement with O. A. Kjos and his wife for the purchase of the premises described in the complaint, for the agreed price of $3,000, and that a portion of the purchase price was paid by her said husband to the said Kjos, the exact amount of which was unknown to the defendant; that said deal was not closed or carried out until April 15, 1907, for the reason that said Kjos and wife could not give possession of said premises until that time; that it was agreed by and between the plaintiff, T. Ralph Pittock, and the said John W. Pittock and the defendant, that said property was purchased for the use and benefit of the defendant, and would be conveyed to her as soon as the purchase was completed and conveyance made; that prior to April 15, 1907, the said John W. Pittock departed from the state of Idaho and went to the state of California, and was not present to execute the mortgage necessary to the acquisition of said land, and that he executed a certain power of attorney in favor of Louise

Lillie for the purpose of executing a mortgage to secure a portion of the purchase price of said premises, said mortgage to be executed in the name of John W. Pittock by the said Louise Lillie as his attorney in fact; that under and by virtue of the understanding and agreement between the defendant herein and her said husband and T. Ralph Pittock, the plaintiff herein, the said property was to be and remain the separate property of said defendant, and the said T. Ralph Pittock well knew of this agreement and acquiesced and consented thereto; that on account of said agreement, and for the reason that the parties who were making the loan to the said John W. Pittock and this defendant of $1,500, a part of the purchase price for said premises, the said mortgage could not be executed by said Louise Lillie as attorney in fact for John W. Pittock, and it was arranged and understood and agreed by and between John W. Pittock and the plaintiff, T. Ralph Pittock, that the said deed from O. A. Kjos was to be made to T. Ralph Pittock in trust for this defendant, and that the said T. Ralph Pittock was to execute said mortgage and subsequently thereto convey the said property, and each and every part thereof, to this defendant; that pursuant to said understanding and agreement, the said Kjos and wife executed a deed for said premises to the said T. Ralph Pittock, and that said Pittock in turn executed a mortgage covering said property for the sum of $1,500; that the balance of the purchase price was paid and as defendant is informed and believes, a small portion thereof was paid by T. Ralph Pittock which was to be returned to the said T. Ralph Pittock by John W. Pittock, and said T. Ralph Pittock was to reconvey the said property to the defendant herein, which property was to be and remain her separate property; that John W. Pittock has fully paid T. Ralph Pittock all the money advanced by him as the purchase price or part of the purchase price of said land, and that said T. Ralph Pittock now fails and refuses to reconvey the property or any part thereof to the defendant; that T. Ralph Pittock has collected as rent for said property $125, for which sum he should account to this defendant.

For a third defense, it is alleged that there is another action pending in the above-entitled court, involving the same controversy. After setting up in detail the issues involved in the other action, she prays, among other things, that she be decreed to be the owner of said premises and that the title thereto be quieted in her, and for such other and further relief as would be just and equitable.

The cause was tried by the court without a jury upon the complaint and answer. That part of the answer called "separate defenses" was treated as a cross-complaint by the trial court, and was not answered by the plaintiff, but was evidently treated on the trial as having been denied. Finding of facts and judgment were entered for plaintiff. Thereafter a motion for a new trial was denied, and this appeal is from the judgment and order denying a new trial.

Numerous errors are assigned, some of which go to the admission and rejection of evidence and the sufficiency of evidence to support the findings of fact and conclusions of law.

It will be observed from the allegations of the complaint that it is simply an action in ejectment, alleging title, right to possession, ouster by the defendant, and for damages and rental. The answer denies the material allegations of the complaint, and alleges that the plaintiff holds the legal title in trust for the defendant. The cause was tried by the lower court, either upon the theory that a resulting trust could not be established under the pleadings, or that the case attempted to be made by the cross-complaint of the defendant came within the statute of frauds.

The findings of the court upon the issues presented by the cross-complaint are most unsatisfactory, if not wholly insufficient. The fourth, fifth, sixth, seventh and eighth findings of fact commence with the following sentence: "The court further finds that there is no competent evidence to sustain the facts as stated in allegation (giving its number as appears in the cross-complaint) of defendant's second and separate defense, to wit" (and here follows the allegation). The litigants have a right to a definite and distinct finding

of the issues made by the pleadings upon the evidence introduced on the trial. The court has found that there was no competent evidence to sustain certain facts alleged in the cross-complaint, but it has not advised us and we are unable to determine, what of the evidence introduced on the trial it considered competent and what incompetent in making those findings; therefore it is impossible for us to tell upon what evidence the findings were based. The findings must be made definite and certain upon the evidence admitted on the trial. We cannot ascertain from the findings whether any of the evidence introduced in support of the cross-complaint was considered competent evidence by the trial court. The findings referred to are not sufficient.

It is contended by counsel for respondent that the evidence fails to establish a resulting trust. After a most careful consideration of all the evidence admitted on the trial, we are satisfied that it at least tends to establish a resulting trust, and some of the evidence offered by the appellant and rejected by the court clearly has a tendency to establish a constructive or resulting trust, and the court erred in rejecting that evidence. "A resulting trust is an implied trust; a trust that results in equity from the nature and circumstances of the whole transaction without being declared in words." (Standard Dictionary.)

It was held in *Bates v. Kelly,* 80 Ala. 142, that a resulting trust arises by operation of law in favor of the person who advances the purchase money of land, though the title be taken in the name of another or in favor of a person from whom it is advanced by way of loan, the title being taken in the name of the lender as security and for its payment, and that such a trust, not being within the statute of frauds, may be established by parol evidence.

In *Church v. Sterling,* 16 Conn. 388, it is held that parol proof of the circumstances under which land is purchased, by one person, and deed taken to himself, for the benefit of another, is admissible to show an implied or resulting trust.

In *Rogan v. Walker,* 1 Wis. 527, it is held that parol evidence may be admitted in a court of equity to show what the

transaction is in all its details, out of which a trust results by operation of law. (*Walton v. Karnes,* 67 Cal. 255, 7 Pac. 676; *Caruthers v. Williams,* 21 Fla. 485.)

In *Towle v. Wadsworth,* 147 Ill. 80, 30 N. E. 602, 35 N. E. 73, it was held that a parol contract by which the purchaser of land agrees to buy and hold it for the joint benefit of himself and another, the latter paying no part of the purchase money, but the purchaser advancing half of it for himself and half of it as a loan to the other party creates a resulting trust which is not within the statute of frauds.

It is no doubt necessary in the establishment of a resulting trust of the nature and kind presented in this case, that the payment of the purchase price should actually be made by a person asserting the trust, or by some one for her, or that a binding obligation therefor be incurred by such person as a part of the original transaction at or before the time of the conveyance. It was said in *De Roboam v. Schmidtlin* (Or.), 92 Pac. 1082, as follows:

"It is indispensable to the establishment of a trust that payment of the purchase price should actually be made by the person asserting the trust or a binding obligation therefor incurred by him as part of the original transaction at or before the time of conveyance."

The evidence introduced on behalf of the defendant tended to establish the fact that that part of the payment made in cash for the real estate in question was money belonging to her or to her husband. She testified that she borrowed $100 of the $1,500 paid in cash, of a man by the name of Potvin, $450 from the bank, and $900 from the respondent, and $50 her husband had paid to Kjos at the time he made the contract with him for the purchase of the property, making a total of $1,500. As a matter of fact, if respondent did loan to appellant or advance for her $900 of his own money, according to her theory of the matter, she had borrowed that money from him and it was paid to him a short time after he advanced it, and the $450 borrowed from the bank was also paid out of her husband's account at the bank, and she paid the $100 borrowed from Potvin, herself. If that be

true, the respondent had her binding obligation for the payment of the $900 and he could recover the same from her. If her theory of the case be correct, and the evidence tends to show that it is, she waived her right to take the title in her own name from Kjos, and respondent took it in his name at her instance and request, with the understanding that he would reconvey it to her whenever the money advanced by him was repaid, and when it was repaid, it then became his duty to reconvey said premises to her.

We find the record in this case in a very unsatisfactory condition, but are fully satisfied that justice requires a reversal of the judgment and a new trial. We will not go any further into the evidence, but will say, on a retrial of the case, all evidence offered by the appellant tending to establish a resulting trust ought to be admitted and considered in the determination of the case.

This court said in *Motherwell v. Taylor*, 2 Ida. 254, 10 Pac. 304, that "A resulting trust is raised only when there is fraud in the acquisition of title, or where the money of one is used to pay for real property, the title to which is taken in the name of another at the time said title is taken," etc. We think that the correct rule in this case, and if it be made to appear on a retrial of this case that the plaintiff and her husband furnished the money to make the first payment of $1,500 on the property in question, by borrowing it or otherwise, then a resulting trust is raised and established. If the respondent advanced the $900 referred to in the evidence at the request of the appellant and with the agreement that it should be repaid to him, in that case he holds the property as trustee for the appellant. And if, on a retrial of this case, the allegations of the cross-complaint are established by the evidence, the case does not fall within the statute of frauds, for the reason that the money advanced to make the first payment on the property was not paid by the respondent but by the appellant and her husband.

It will be unnecessary for us to specifically pass upon each of the errors assigned, as the court evidently decided the

case either upon the theory that it did not fall within the rule of law in regard to resulting trusts, or did come within the statute of frauds. It is evident that if the purchase of this property were made as contended for by appellant, the respondent holds the title thereto in trust for her and that he must reconvey it to her whenever he is released from any liability on said mortgage, and whenever he has received back whatever money he loaned to the appellant to make the first payment on said property.

The judgment is reversed and the cause remanded and a new trial ordered. Costs of this appeal are awarded to the appellant.

Ailshie, C. J., and Stewart, J., concur.

### ON PETITION FOR REHEARING.

(December 23, 1908.)

AILSHIE, C. J.—A petition for a rehearing has been filed in this case, and after a thorough examination of its contents, we do not deem it necessary to deal with but two points therein urged. In the first place, it is suggested that notwithstanding the fact that the findings to which reference was originally made contain the expression "there is no competent evidence to show," etc., still each paragraph ends with the following statement: "And the court finds as a matter of fact," that the allegations of the paragraph are untrue. It is argued in the petition that the court must have overlooked this closing sentence of each of these paragraphs. The court, however, had considered this part of the finding as well as the other, but since the finding is based on the theory of "no competent evidence," the facts found by the concluding sentence are also based upon the same theory, and we are nowhere advised by the court as to what he considered "competent evidence." The litigant is entitled to have the findings based on the evidence admitted in the case, but when the court in his findings designates "competent evidence,"

thereby impliedly saying to the litigant that there was also "incompetent evidence" admitted, and does not tell him what was competent and what incompetent, he is left at a disadvantage.

The next contention that we will consider is that the court has not passed upon the sufficiency of the defendant's answer and separate defense, and further, that the material averments thereof are alleged as "this defendant is informed and believes," without any allegation that the defendant, upon such information and belief, alleges the facts thus stated to be true. In the first place, the plaintiff did not demur to the defendant's affirmative defense, and has saved no objection to the sufficiency thereof. It is sufficient in the absence of demurrer or other proper objection and exception. It was considered, apparently, not only as a separate answer, but as a cross-complaint, and the evidence was introduced on that theory. The plaintiff has no appeal or assignment of error pending here whereby we can pass upon and determine the sufficiency of this answer as against any demurrer that might have been lodged against it. At the present term of this court, in *Swank v. Sweetwater Irr. Co.*, *ante*, p. 353, 98 Pac. 297, we have held that a complaint which alleges that the pleader is informed and believes certain facts, without also alleging that upon such information and belief the pleader alleges the same to be true, is in fact no allegation at all. These are questions that have not been raised in the lower court, and are not presented by the record here and are clearly not available to the respondent on this appeal. We find no reason for granting a rehearing in this case, and the petition will therefore be denied.

Sullivan, J., and Stewart, J., concur.