(July 24, 1923.)

In the Matter of the Application of E. B. SHERMAN, H. A. LAWSON, and JAMES H. HAWLEY for Appointment of Trustees for the CITIZENS' RIGHT OF WAY, Respondents, v. THE CITIZENS' RIGHT OF WAY COMPANY, LTD., a Corporation, Appellant.

[217 Pac. 985.]

TRUSTS—APPOINTMENT OF TRUSTEES—DUTY OF DISTRICT COURT—RESULTING TRUST.

1. In cases falling within the provisions of C. S., sec. 6417, it is the duty of the district court, upon a proper showing, to appoint trustees.

2. Where property is purchased and the conveyance of the legal title is taken in the name of one person, while the purchase price is paid by another person, a trust at once results in favor of the party who pays the price, and the holder of the legal title becomes a trustee for him.

APPEAL from the District Court of the Third Judicial District, for Ada County. Hon. M. I. Church, Judge.

Action to determine nature of a trust. Judgment for plaintiffs. *Affirmed.*

Johnson & Nixon, for Appellant.

The warranty deed from John Broadbent et al. to W. H. Ridenbaugh, A. J. Glorieux and Nathan Falk, trustees, vested the legal title in them, and the word "trustees" was merely *descriptio personarum.* (*Samson v. Ayer & Lord Tie· Co.,* 144 Ky. 555, 139 S. W. 778; *Towar v. Hale,* 46 Barb. (N. Y.) 361; *Fowler v. Coats,* 201 N. Y. 279, 94 N. E. 997; *Title Guaranty & Tr. Co. v. Fallon,* 91 N. Y. Supp. 497, 101 App. Div. 187; *Greenwood R. Co. v. New York & G. L. R. Co.,* 134 N. Y. 435, 31 N. E. 874; *Hume v. Indiana etc. Ins. Co.,* 155 Ark. 456, 245 S. W. 19; *Jones v Amalgamated Burlesque Enterprise,* 285 Fed. 420; 18 C. J. 275, sec. 240. See, also, extended note, 82 Am. St. 513.)

Under the statute of frauds of Idaho, as it existed at the time of the Broadbent deed and ever since, no trust or power over or concerning real property could be created except by an instrument in writing signed by the party creating the same, and that deed did not create a trust. (Rev. Stats. 1887, sec. 6007; R. C., Id.; C. L., Id.; C. S., sec. 7974.)

It is the duty of the trustees to conform strictly to the directions of the trust. (3 Pomeroy's Eq. Jur., 3d ed., sec. 1062.)

Hawley & Hawley and A. A. Fraser, for Respondents.

As the deed of conveyance did not provide any method by which the successors of the original trustees should be appointed, such appointment can only be made by the court as provided by the statutes of this state. (Perry on Trusts, sec. 287; C. S., sec. 6417.)

Declarations in writing or oral of the most informal character made by the trustees can establish the terms and conditions of the trust. (39 Cyc. 53; *Holmes v. Holmes,* 65 Wash. 572, 118 Pac. 733; *Union Pacific R. R. Co. v. Durant,* 95 U. S. 561, 24 L. ed. 391.)

If the trust instrument is indefinite the facts and circumstances surrounding the parties may be considered in determining the beneficiaries. (*Collins v. Phillips,* 91 Iowa, 210, 59 N. W. 40; *Lore v. Wheeler,* 87 Fed. 523.)

The names of the beneficiaries need not be given in the trust instrument but may be designated as a class. (*McKee v. Lamon,* 159 U. S. 317, 16 Sup. Ct. 11, 40 L. ed. 165.)

"Although real or personal property is transferred by a conveyance absolute in form, the transfer may be held to have been made in trust and the grantee to be a trustee, where the prior or contemporaneous acts, declarations and agreements of the parties evidence an intent and understanding that the grantee was to take and hold the property for a trust purpose." (39 Cyc. 60; *Brender v. Stratton,* 216 Mich. 166, 184 N. W. 486.; *Baker v. Baker* (Cal.), 31 Pac. 357.)

DUNN, J.—In 1899, and for a long time prior thereto, the Boise Central Railway Company was the owner of a strip of land, now known as the "citizens' right of way," extending easterly and westerly through Boise City. In May, 1900, one John Broadbent obtained a sheriff's deed to this right of way, and shortly thereafter a large number of citizens of Boise raised by popular subscription about $18,000 for the purchase thereof, and on receipt of this money Broadbent, the holder of the legal title, and other parties, claiming an equitable interest therein, conveyed this right of way to "Nathan Falk, William H. Ridenbaugh and A. J. Glorieux, Trustees." Nathan Falk died in July, 1903, and from that time to January, 1912, Ridenbaugh and Glorieux continued to act in the capacity of trustees of said right of way. On January 10, 1912, Richard H. Johnson was appointed by Ridenbaugh and Glorieux to be a trustee in the place of Nathan Falk, deceased, and on January 17, 1912, a deed was executed by the heirs of Nathan Falk, deceased, purporting to convey to Johnson all of their title to said right of way as successors in interest of Nathan Falk, trustee.

On January 15, 1912, A. J. Glorieux, W. H. Ridenbaugh and R. H. Johnson caused to be filed with the proper officers articles of incorporation of the Citizens' Right of Way Company, Ltd., the purpose of such incorporation being to make said corporation the successor of the incorporators as trustees of said right of way; and on January 26, 1912, said parties describing themselves as trustees, executed a deed conveying to the corporation "all of the right, title and interest of the said parties of the first part which they and each of them have, as the successors in trust of the said original trustees, in and to the said premises."

In August, 1922, a contract was entered into between the Oregon Short Line Railway Company and the Boise Chamber of Commerce, by which it was sought to secure the construction of the main line of said railroad to the city of Boise. Among the obligations assumed by the Chamber of Commerce in said contract was one providing that it should

secure for said railroad company that portion of the citizens' right of way within the limits of the said city. After considerable controversy and delay, during which an election was held to obtain an expression of the citizens of Boise as to whether such deed should be executed by the Citizens' Right of Way Company, Ltd., a deed to the right of way by the Citizens' Right of Way Company, Ltd., was executed and placed in escrow. The railroad company denied the sufficiency of this deed, and refused to accept it, claiming that the Citizens' Right of Way Company, Ltd., was not legally authorized to act as trustee for said citizens' right of way, and thereupon the petitioners brought this action praying that the district court of Ada county fix a day and require the Citizens' Right of Way Company, Ltd., to appear and show cause, if any, why that court should not grant the prayer of petitioners and appoint trustees for said right of way, all the original trustees having died. A citation was issued and served upon said corporation, and upon its answer to the petition the court tried the issues and made findings of fact and conclusions of law, holding that the Citizens' Right of Way Company, Ltd., was without authority to act as trustee, and entered judgment appointing Richard H. Johnson, Sumner W. Dee and W. M. Wood, as trustees of the citizens' right of way. From this judgment the Citizens' Right of Way Company, Ltd., appealed.

Appellant specifies nine errors, but the consideration of only one is required to determine the case before this court, and that is that the court erred in holding that a vacancy existed in the trusteeship of said citizens' right of way requiring the appointment by the court of trustees to carry out the terms and conditions of the trust.

Appellant contends that no trust concerning the right of way was established by the deed from Broadbent and others to the grantees named therein. We think this position of appellant is untenable under the pleadings in this case. The petition sets up that after the sheriff's deed had been delivered to Broadbent "arrangements were made with said Broadbent and others claiming interest in said right of way

to purchase the same, and sundry citizens of that city, 241 or thereabouts in number, subscribed and paid over to a committee appointed for that purpose a large sum of money, to wit, more than $17,911.37, for the aforesaid purposes and named and appointed Nathan Falk, William H. Ridenbaugh and A. J. Glorieux as trustee for themselves and other inhabitants of Boise City to receive the deed to said property when it was purchased from the owners thereof and hold the same in trust for railway purposes and to the end that the same might be used for railway purposes, and to aid and encourage the building of a railroad or railroads thereon, and to be by said trustees or their successors in interest thereafter conveyed to aid in the construction of or in procuring of additional railroad facilities into or through said city of Boise, under such terms and conditions as to said trustees, or their successors in trust, would result in sufficient benefit to the citizens of Boise City, as to justify them in the conveyance of said trust property. That said persons and each and every of them promised and agreed to act as such trustees under said terms and conditions, and accepted said trust and thereupon proceeded to carry out the terms thereof.''

This allegation of the petition is expressly admitted by the answer. This admission, it seems to us, completely refutes the claim of appellant that no trust was established by the deed. If, however, this were not admitted the record shows without dispute that the right of way was purchased with funds contributed by more than 200 citizens of Boise, and that the deed was taken in the name of A. J. Glorieux, William H. Ridenbaugh and Nathan Falk, trustees. Under a well settled equitable principle, affirmed by the decisions of this court, a trust resulted from this situation. (3 Pomeroy's Equity Jurisprudence, sec. 1037; *Branstetter v. Mann,* 6 Ida. 580, 57 Pac. 433; *Pittock v. Pittock,* 15 Ida. 426, 98 Pac. 719.)

In addition the record shows that the three persons named accepted the trust and proceeded to carry out its terms as outlined in the petition and admitted by the answer, and

after the death of Nathan Falk in 1903, William H. Ridenbaugh and A. J. Glorieux continued to act as such trustees and executed several deeds and contracts in such capacity. Without the admission mentioned, it is perfectly clear that it was the intention of the grantor and grantees in the Broadbent deed to establish a trust. The Compiled Statutes of Idaho contain the following provisions with regard to trusts:

"When a trust exists without any appointed trustees or where any or all of the trustees renounce, die, or are discharged, the district court of the county where the trust property or some portion thereof is situated, must appoint another trustee to direct the execution of the trust. The court may, in its discretion, appoint the original number or any less number of trustees." (C. S., sec. 6417.)

The deed from Broadbent to Glorieux, Ridenbaugh and Falk made no provision for the appointment of successors to the original trustees. We know of no authority empowering the trustees to fill a vacancy or to incorporate and transfer their trust to the corporation, and none has been called to our attention. The situation is one provided for by section 6417, *supra,* and the district court was authorized to appoint trustees to fill the vacancies shown to exist.

The judgment appointing Richard H. Johnson, Sumner W. Dee and M. W. Wood as trustees of said citizens' right of way is therefore affirmed.

McCarthy, William A. Lee and Wm. E. Lee, JJ., concur.

(August 24, 1923.)

ON PETITION FOR REHEARING.

McCARTHY, J.—In their petition for rehearing, respondents request the court to pass upon the question whether, under the terms of the trust, the trustees appointed by the court have the power to convey the trust property to the Oregon Short Line Railroad Company in fulfillment of

the contract between it and the Boise Chamber of Commerce. In its answer, appellant asked the trial court to determine whether the deed from it to the railway company was within the terms and conditions of the trust. On the former hearing, I was of the opinion that the latter question was not necessarily involved in the case. Both appellant and respondent represent to us that it was submitted to the lower court, and it is touched upon in one of the conclusions of law, though not expressly in the judgment.

In order to cover all matters attempted to be submitted to the trial court and avoid multiplicity of actions, I conclude that it is properly within our power to pass upon this question.

The terms and conditions of the trust as found by the trial court and supported by the evidence are as follows:

"To grant, bargain, sell, assign, transfer, convey, remise, release or quitclaim, mortgage, hypothecate or encumber the said right of way, or any part or estate or interest therein upon such terms and conditions as may be deemed advisable, for railroad purposes, when in the judgment of the trustees such action will result in sufficient benefit to the city of Boise to justify the same; to permit, under such regulations and conditions as may be deemed proper, the laying of railroad tracks or extending the roads, streets, highways or sidewalks, curbing or pavement over, along and across such right of way, and the laying of gas, water, sewer or other mains, pipes or conduits or the building of roads, passages, subways, or other works, under the surface thereof, or the construction of viaducts or elevated roadways over the same, or the building of stations, depots, freight houses, or elevators thereon, and in general to permit or cause the construction or erection of any other structure thereon or any other use to be made thereof, which may be deemed advantageous."

I conclude that, under these terms and conditions, and on all the facts of the case, the trustees appointed by the court have power and authority to, and should, make a conveyance of the trust property to the Oregon Short Line Rail-

road Company for railroad purposes, to take effect upon the fulfillment of the contract for the construction of the main line. The original opinion should be extended accordingly and the petition for rehearing be denied.

I am authorized to state that Mr. Justice William A. Lee concurs in this opinion.

BUDGE, C. J.—A petition for rehearing has been filed in this case. In my opinion, there is no necessity for a reargument of the case. All parties to the record are interested in a speedy determination of the questions involved. In my opinion, the pleadings should be liberally construed to the end that a final conclusion be reached and the litigation ended.

In the majority opinion, the only question finally determined was whether the court erred in the matter of the appointment of Richard H. Johnson, Sumner W. Dee and W. M. Wood as trustees of the property known as the Citizens' Right of Way. This court reached the conclusion, and I think correctly, that the lower court did not err in this respect, but, in my opinion, the determination of this sole question fails to accomplish the result sought to be reached, and we should go further in order that substantial results follow the judgment of this court.

As will be noted from the statement of facts in the main opinion, the present trustees who acted under the erroneous belief that they were authorized so to act, made and delivered to the Oregon Short Line Railroad Company a deed conveying a certain portion of the property known as the Citizens' Right of Way. This deed was deposited in escrow. To the sufficiency of the deed, therefore, no serious question was raised, the question being whether the trustees were authorized to make the conveyance. It was held that they were not so authorized at the time the deed was executed, but that they are now fully authorized. It was the further purpose of this litigation to determine not only the question of the authority of the trustees to execute the deed,

but whether it is their duty to execute such a deed to the end that the purposes of the trust be accomplished.

I am unable to understand what valid objections can now be urged by the trustees for their refusal to execute a deed, since the only serious objection made by them involved the question of their authority to execute a deed in the first instance. It may not be out of place at this time to observe that, in my opinion, upon the death of Nathan Falk, no right, title or interest in and to the Citizens' Right of Way vested in his heirs, but that upon his death all right, title and interest in and to the Citizens' Right of Way vested in the two surviving trustees, viz., Ridenbaugh and Glorieux. Neither, in my opinion, under the facts of this case, did the formation of the corporation and the deeding to it by Mr. Johnson, by Mr. Ridenbaugh and Mr. Glorieux, then trustees, convey to the corporation organized by them any right, title or interest in and to the Citizens' Right of Way. Upon the death of Ridenbaugh and Glorieux, the title was in abeyance until the appointment by the court, under the recent proceedings had, of the three trustees, whose appointment with power to act is no longer an open question.

From the record in this case, the purpose of the trust is not open to serious controversy. It is clear that it was the intention of the numerous citizens of Boise, when they purchased the right of way from John Broadbent in May, 1900, that this property should be used for the purpose of bringing about the construction of a railroad or railroads into Boise City, and to this end, the trustees were appointed. The trustees themselves have no further interest in the property other than to carry out the intention of the body of citizens represented by them; and when that intention is made clear, it is not only within their power to convey the property in order that it might be devoted to the use intended, but it is their duty so to do. Neither would they be justified in refusing to execute the deed for the reason that the Oregon Short Line Railroad Company does not intend to construct its line over or upon the land described in the conveyance heretofore made and deposited in escrow.

It is clearly within the power of the trustees to convey, by good and sufficient deed, to the Oregon Short Line Railroad Company, any portion of the Citizens' Right of Way within the corporate limits of Boise City necessary to insure the construction of the railroad into Boise City, thereby complying with the intention of the original purchasers. It requires no stretch of the imagination to reach the conclusion that this property was purchased originally by the citizens of Boise to be conveyed as a bonus, by the trustees, to any individual or corporation that would build a railroad or railroads into Boise City. This was clearly the intention of the original purchasers. It is also patent that this property was to be used as an inducement to bring a railroad into Boise City.

In my opinion, the foregoing statement is amply sustained in the trial court's findings and conclusions, the former reciting in detail the terms and conditions of the trust. It is not necessary to repeat them here.

While it may be contended that the trustees are vested with broad discretionary power, still such discretion should not be abused, thereby defeating the clear intention of the original purchasers and the purposes of the trust; but rather, it should be the purpose of the trustees to carry out the intention of the original purchasers as shown by the record in this case. To my mind, there is no question of either the power or the duty of the trustees to act, and it is clearly within their power, being now clothed with authority, to execute a deed in proper form and deliver the same to the Oregon Short Line Company, thereby carrying out the clear intention of the real owners as made to appear by the record.

I think we might well waive the technical objection that the only question before this court was the power of the trustees to execute the deed, and go further and hold that, under the terms of the trust, the trustees are not only authorized, but it is their duty, without unnecessary delay, to make a proper conveyance, and upon their refusal so to do, a trustee should be duly appointed for that purpose.

The Oregon Short Line Railroad Company now stands ready and willing, under its contract, to construct a railroad into the city of Boise, conditional upon execution and delivery of a good and sufficient deed, to be deposited in escrow, conveying to it that portion of the estate of the Citizens' Right of Way described in the deed heretofore deposited in escrow.

The questions here disposed of were fairly submitted to, and determined by, the trial court, and acquiesced in by all the parties to this litigation. In fact, the trustees, by stipulation, solemnly agreed that if it was found by the trial court and this court that they acted without authority in executing the first deed, that if appointed as trustees, thereby becoming clothed with the power to act, they would execute the necessary deed.

It would seem to me that the only conclusion which could be logically reached in the face of the record is that it is not only within the power of the present trustees, but it is their legal duty, to execute and deliver, as herein stated, a deed, in proper form, conveying to the Oregon Short Line Railroad Company, for railroad purposes, the land heretofore referred to.

The original opinion should be conformed to the views herein expressed.