November 30, 1933, the Investors Finance Company, a corporation, agreed to sell to Bert Riley, a lot in Rexburg for $1500, $150 down and the balance in monthly installments of $50. Riley took possession and made partial payments until 1936 when he was in default. Thereupon, February 8, 1936, the Investors Finance Company assigned its interest in the contract to Mary Smith, Esqs. of Rexburg and August 24, 1936, after crediting him with all he had paid on the purchase price, a new sales contract was entered into by her with Riley for the principal sum of $932.37, payable $170 in cash and the balance, $762.37, in $50 monthly installments.
December 15, 1937, respondent recovered a judgment against Riley in the Probate Court of Madison County, of which Rexburg is the county seat, for $132.89 and $21.15 costs which was filed with the clerk of the district court in that county January 14, 1938, and execution issued thereon January 20, 1938. In compliance with said *Page 465 
writ the sheriff sold the property involved February 18, 1938, to respondent. The sheriff's return reciting:
"That said bid was made by said judgment creditor to apply upon the judgment named in said Execution, and I therefore received no money at said sale, except costs, and that I did thereupon issue and deliver to said The Rexburg Lumber Company, a corporation, judgment creditor, a Certificate of Sale of said real property so sold, subject to redemption, and that I caused to be filed for record in the office of the County Recorder of said County, a duplicate of said Certificate of Sale. That said bid represented the whole amount due upon said Execution, together with my costs in the sum of $22.35 and I therefore herewith return said Writ of Execution fully satisfied."
Certificate of sale was issued the same day. The year's period of redemption expired February 21, 1939, and October 21, 1939, the suit herein was instituted by respondent against appellants, husband and wife, and Riley and his wife and other then defendants to quiet title to, and for possession of, said lot. All defendants except appellants defaulted.
Appellants contend that January 19, 1934, appellant R.W. Purrington purchased from Riley, his father-in-law, a half interest in said lot by then advancing $100 and thereafter half of the then monthly payments, i.e. $15 a month. That later upon discovering Riley was not making his payments or properly applying as payments the money given him by Purrington as his share to apply on the payments due on the contract, the entire property was, January 1, 1937, sold by Riley to Purrington.
Part of the balance due Mary Smith on her contract was, under instructions from Riley, paid directly to Mary Smith by the tenants of the building on the lot.
Purrington concedes he never claimed or mentioned his interest to Mary Smith or respondents until after the suit was filed herein. Purrington introduced in evidence cancelled checks for part of the money he claimed he gave Riley to be applied on the purchase price.
Defendants' Exhibit 8, a check for $250 to Riley by Purrington, dated November 10, 1937, at the time the new contract was made between Mary Smith and Riley, *Page 466 
endorsed by Mary Smith, was, as shown by W.L. Adams, Esq., witness for respondent, thus applied: $50 to W.L. Adams for his attorney's fee (evidently in the settlement of the contract by the Investors Finance Company and new contract between Mary Smith to Riley), $50 returned to Riley and $150 to Mary Smith on her contract, thus as part of the purchase price.
The entire purchase price having been paid Mary Smith, under instructions from W.A. Ricks, Esq., attorney for Riley, gave him a quit claim deed, blank as to the grantee. There is a dispute between Mary Smith and W.A. Ricks as to whether no mention was made at that time of who the grantee was to be, or that W.A. Ricks mentioned Purrington, but couldn't remember his initials. In any event it is undisputed that the grantee was blank when Mary Smith delivered the deed to W.A. Ricks, who later filled therein the name of R.W. Purrington. Riley though present at the trial did not testify.
Objections were interposed by respondent to appellant's evidence as to the sales by Riley to him on the ground that Riley being a married man, the lot was community property and no transfer could be shown except in writing signed by his wife. We need not pass upon this point because of the disposition of the case on other grounds.
Appellants contend, in effect, that by paying the purchase price under the agreement between them and Riley, a resultant trust arose in their favor.
Purrington paid certain taxes on the property amounting to $537.02 and the court granted him judgment against respondent for this amount. No complaint is made of this by either party.
The court found:
 "XI
"That defendant Robert W. Purrington made advances of money to defendant Bert Riley, beginning about the month of January, 1934, and at various times until about December 10, 1937, and claimed an interest in said real property; that said Purrington was not a party to the contract to purchase the property from the Investors Finance Company, and was not a party to the contract between Mary Smith and Bert Riley, and said Purrington *Page 467 
did not assert or make known to anyone that he claimed an interest in the property until after the sale of same by the Sheriff to the plaintiff.
 "XII
"That the sums advanced and paid by the defendant Purrington to defendant Riley were not applied by Riley on the purchase price of the property; that Riley continued in the sole possession and management of said property, leased it to tenants, collected the rent and did not at any time account to Purrington for any of the sums advanced by Purrington, nor for the rents, and Purrington never demanded any accounting.
* * * * * * *
 "XVI
"That on the 18th day of December, 1939, defendant Robert W. Purrington paid taxes delinquent and current against said property for the years 1934, 1935, 1938 and 1939, in the amount of $537.02; that plaintiff has made a written offer to repay to said defendant, Purrington, the amount so paid by him as taxes on said real property. That said defendant Purrington at the time he paid said taxes had knowledge of plaintiff's outstanding title to said real property."
And concluded:
"12. — That defendant Robert W. Purrington had no interest in the contract to purchase said real property from the Investors Finance Company and had no interest in the contract to purchase the same from Mary Smith and there was no valid transfer of any right, interest or estate in the property from Riley and his wife, or at all, to defendant Purrington, and Purrington acquired no interest in said property from Investors Finance Company, nor from Bert Riley and wife.
"13. — The purported quit claim deed made by Mary Smith transferred no interest in said property to defendant Robert W. Purrington, and he had no interest therein."
Appellant urges the notice of sale was fatally defective because it did not contain a direct statement that the land was in Madison county. It did refer to the lot as *Page 468 
platted in Rexburg and that the sale would take place there at the sheriff's office. It was therefore not insufficient. (Chamberlain v. City of Lewiston, 23 Idaho 154, 162,129 Pac. 1069; 23 C. J. 639.)
In a quiet title suit each party must recover on the strength of his own, not the weakness of the other's, title. (Washington State Sugar Co. v. Goodrich, 27 Idaho 26,147 Pac. 1073; Wing v. Wallace, 42 Idaho 430, 246 P. 8; Steinour v.Oakley State Bank, 45 Idaho 472, 262 P. 1052; Harris v.Chapman, 51 Idaho 283, 5 P.2d 733; Federal Land Bank v.Union Central L. Ins. Co., 51 Idaho 490, 6 P.2d 486.)
There is a conflict among the authorities as to the rights of an execution creditor purchaser at execution sale. (23 C. J. 764, sec. 813.) California and other states hold he is a bona fide purchaser and protected against all secret equities, i.e. those of which he has no actual or implied notice. (11 Cal. Jur. 129 and 5 Cal. Jur., Ten Year Supp. 686.) Some of the principal cases announcing the rule adhered to in California are Riley v. Martinelli, (Cal.) 32 P. 579, 21 L.R.A. 33, followed in Koch v. Wilcoxen, (Cal.) 158 P. 1048; Richman v.Bank of Perris, (Cal.) 282 P. 801; Pepin v. Stricklin, 299 Pac. 557; Anglo-California Trust Co. v. Holbrook, (Cal.)24 P.2d 169, and Pugh v. Highley, 53 N.E. 171.
Both Riley v. Martinelli, supra, and Pugh v. Highley, supra, and others to like effect were presented to this court inMountain Home Lumber Co. v. Swartwout, 30 Idaho 559,166 Pac. 271 and urged in support of the above proposition. The court however declined to follow them and declared for the majority, and to our minds the better reasoned rule, that an execution creditor purchaser at his execution sale, where he pays no money but his judgment is merely credited on the purchase price (as herein vide supra) is not a bona fide purchaser because he has parted with nothing, merely a paper exchange and no valuable consideration has passed. Thus respondent was not a bona fide purchaser (Zohos v. Marefolos, 48 Idaho 291, 294,281 Pac. 1114; Kite v. Eckley, 48 Idaho 454, 460, 282 P. 868) and not protected against secret liens. Therefore respondent acquired only the title *Page 469 
of Riley, its execution debtor. (Mountain Home Lumber Co. v.Swartwout, supra; Harris v. Southwest Nat. Bank, (Okla.)271 Pac. 683; Pincock v. Kimball, (Ut.) 228 P. 221; Fox v. Curry, (Mont.) 29 P.2d 663; Clack v. Clack, (Mont.)41 P.2d 32; 23 C. J. 746.)
Riley's title was subject to all existing equities and the test of title is between him and appellants. (MacGinniss RealtyCo. v. Hinderager, (Mont.) 206 P. 436; Short v. Karnop, (Mont.) 275 P. 278; Stauffacher v. Great Falls Public ServiceCo., (Mont.) 43 P.2d 647.)
This court is clearly committed to what is practically the universal doctrine that where one pays the purchase price for real property, though title be taken in the name of another, a trust arises, impressed upon the land, in favor of such party paying the purchase price. (Branstetter v. Mann, 6 Idaho 580,57 Pac. 433; Pittock v. Pittock, 15 Idaho 426, 98 P. 719; Felthamv. Blunck, 34 Idaho 1, 198 P. 763; In re Sherman, 37 Idaho 528,217 P. 985; Aker v. Aker, 52 Idaho 713, 722, 20 P.2d 796;Reid v. Keator, 55 Idaho 172, 186, 39 P.2d 926; Shepherd v.Dougan, 58 Idaho 543, 553, 76 P.2d 442; 65 C. J. 396-9; 23 C. J. 344; Laurance on Equity Jurisprudence, sec. 565, page 647; Pomeroy, Equity Jurisprudence, sec. 1031, page 2336, sec. 1044, page 2370.)
Conceding, without deciding, that in the case herein the evidence to establish such trust must be clear, satisfactory and convincing and that because of the relationship between Purrington and Riley, the evidence will be closely scrutinized, and the burden of proof was on appellant to establish a trust and trace the funds, let us examine the undenied and admitted facts.
Respondent's own witness states $150 advanced by Purrington was paid Mary Smith on the purchase price. Aside from the above mentioned rules of weighing the evidence, the non disclosure over such a long period of time, i.e. 1934 to 1939, by appellants of their claims and the general circumstances of the case, there is no contradiction of Purrington that he paid Riley the amounts shown in the checks introduced in evidence, and other recited amounts, to apply on the purchase price. *Page 470 
Such trusts may rest on parole. (Cases supra, and Laurance, Equity Juris., sec. 573, page 657; Pomeroy, sec. 1040, page 2357.)
There was sufficient tracing of the trust funds under the circumstances herein. (State v. Bruce, 17 Idaho 1, 102 P. 831;Martin v. Smith, 33 Idaho 692, 197 P. 823; Cox v. St. AnthonyBank Trust Co., 41 Idaho 776, 242 P. 785.)
Respondent argues such purchase money trust must come into existence if at all when the contract of purchase is first made. When Purrington claims he bought the one-half interest respondent was not a creditor of Riley's and there is no showing the credit, the basis of respondent's judgment against Riley, was extended April, 1936, upon the faith, representation or understanding that Riley owned an interest in the property in question, hence respondent may not urge the above point. (Feltham v. Blunck, 34 Idaho 1, 8, 198 P. 763.)
In any event Purrington testified he advanced $100 as part of the first down payment stated to him by Riley to be $161 (in fact $150), January 10, 1934, to initiate the original contract dated December 30, 1933, hence virtually at the inception of the contract.
The evidence does not clearly disclose Purrington paid all the purchase price though it does indicate he paid the major portion of it and thus appellants established at least a pro tanto trust. (65 C. J. 397, sec. 163.) By the judgment herein respondent obtains a lot and building; evidently worth in the neighborhood of $1500, the price paid, the property having a rental value of $50 per month, for the amount of its judgment, $154.04 and interest, having given no valuable consideration therefor. Appellant loses at least his $150, and whatever additional amounts he paid Riley to be applied on the purchase price.
Clearly equity and justice may be done both parties with complete recognition of their asserted rights and with proper regard to and enforcement of the actual underlying equities; namely, that respondent's judgment be paid out of Riley's interest in the property and Purrington be protected as advancing the bulk of the purchase *Page 471 
price. Equity delights to do justice and suffers no wrong without a remedy. (21 C. J. 198.)
Appellants' delay in disclosing their claim to the property may be considered in determining the equities. (Olympia Mining Mill. Co. v. Kerns, 24 Idaho 481, 135 P. 255; Matthews v.Boise City Nat. Bank, 40 Idaho 437, 233 P. 998; Laurence on Equity Juris., sec. 667, page 752.)
Respondents objected to appellants' evidence of their title because the answer was merely a denial, and affirmative pleading showing source of title was essential. Thereupon appellants moved to amend by alleging in their answer they had title and were entitled to possession but did not, by cross-complaint or otherwise, ask for affirmative relief, which lack the trial court noted and commented on. Title may not therefore be quieted herein in appellants. (Bacon v. Rice,14 Idaho 107, 93 P. 511; Coghlan v. City of Boise, 36 Idaho 613,212 P. 867; Idaho Trust Co. v. Eastman, 43 Idaho 142,249 Pac. 890; 51 C. J. 238.)
The cause is therefore reversed and remanded with directions to enter a decree requiring appellant to pay respondent's judgment with legal interest and costs in full within thirty days from the time this opinion becomes final; otherwise judgment affirmed with a lien on the property in favor of Purrington for $896.30 and repayment to him of advances of taxes etc. as specified in the judgment.
No costs awarded.
Budge, C.J., and Morgan, Holden and Ailshie, JJ., concur. *Page 472