# WILLIAM SHOEMAKER AND LAURA SHOEMAKER v. WILLIAM COLLINS AND JULIAN M. SEWARD.

*Homestead—Mortgage by husband not made valid by death of wife.*

A decree in foreclosure cannot conclude the homestead rights of any person not a party to it.

A mortgage made by a married man and covering his homestead is void, so far as his homestead is concerned, if executed without his wife's signature; and it cannot become valid by the wife's death or by suffering a decree of foreclosure to be taken *pro confesso* in a suit in which no issue as to homestead rights has been raised or passed upon, and in which the wife has not been impleaded as defendant.

In filing a bill to protect a homestead right in land which has been mortgaged by the husband alone, and against which a decree of foreclosure has been rendered, the husband should be joined as complainant, but the decree in such a suit is for the benefit of the family, and the death of the wife will make no difference if children survive.

Appeal from Berrien.　　Submitted Jan. 3.　　Decided Jan. 10.

BILL to enjoin proceedings in ejectment, and to nullify decree of foreclosure.　Defendants appeal.　Affirmed.

*Joseph B. Clarke* for complainants.　A mortgage on a homestead, invalid for lack of the wife's signature, is not made valid by her death : *Beecher v. Baldy* 7 Mich. 488; *Dye v. Mann* 10 Mich. 298 ; *McKee v. Wilcox* 11 Mich. 358; *Benson v. Aitken* 17 Cal. 163; the mortgage is void not only as to the wife but as to the husband and family : *Amphlett v. Hibbard* 29 Mich. 298 ; if the wife be divorced, the right remains in the husband and family : *Redfern v. Redfern* 38 Ill. 509 ; minor children inherit their mother's interest in the homestead: *Batts v. Scott* 37 Tex. 59 ; *Hartman v. Thomas* id. 90; even if the mother survives the father, her conveyance would not impair the right of any minor child: *Miller v. Marckle* 27 Ill. 402 ; *Showers v. Robinson* 43 Mich. 513 ; the homestead right is not lost by neglecting to interpose it in a foreclosure proceeding: *Hoskins v. Litchfield* 31 Ill. 137; *Moore v. Titman* 33 Ill. 358 ; *Wing v. Cropper* 35 Ill. 256; *Mooers v. Dixon* id. 208; nor by the arrival of an only child at majority, and his removal from the premises: *Barney v. Leeds* 51 N. H. 253; nor by neglect to claim it in proceedings in bankruptcy: *Bartholomew v. West* 2 Dill. 290; nor by a conveyance in fraud of creditors : *Crummen v. Bennet* 68 N. C. 494; nor by the death of both father and mother of a minor child: *Bonnell v. Smith* 53 Ill. 375.

*Clapp & Fyfe* for defendants.

COOLEY, J.　This bill was filed to protect a homestead right in forty acres of land.　It appears that the complainant, William Shoemaker, who was a married man, and was living upon an eighty-acre lot of land, which included the forty now in question, gave a mortgage of the whole to secure a debt which has never been paid.　Louisa Shoemaker, his wife, who was joined as complainant in filing the bill,

did not unite in the mortgage. The mortgage was subsequently foreclosed in equity, in a suit in which William Shoemaker was defendant, but in which the wife was not joined. The purchaser under that foreclosure having taken proceedings to obtain possession of the land, this suit was instituted. The chancery court declared the mortgage and the foreclosure inoperative as to the homestead, and defendants appealed. Louisa Shoemaker died pending the suit, and Laura Shoemaker, a minor daughter living with William Shoemaker, was then joined as complainant in her mother's place.

The principal argument against the decree is that William Shoemaker, having allowed the foreclosure suit to proceed to decree, is concluded by it now, and cannot have any affirmative relief grounded upon its invalidity. But this argument has no force. The mortgage was valid for all but the homestead, and the mortgagees had a right to foreclose under it. No issue upon the homestead was raised or passed upon in the case; the bill being merely the ordinary foreclosure bill, and the decree upon it being taken *pro confesso*. But it would not have been possible, by any decree in that case, to conclude the homestead rights of any one not a party to it. Therefore neither Mrs. Shoemaker nor her daughter could have been concluded.

The Constitution makes a mortgage thus executed without the wife's signature void. *Sherrid v. Southwick* 43 Mich. 515. The husband having no capacity to make it by direct and formal act, could not do so indirectly by mere admission. It was therefore just as void after the foreclosure decree as before. To protect the rights of the family in the homestead it was proper that the husband and father should be joined as complainant, but the decree which secures them is for the benefit of the family, and not specially in his interest. The death of the wife made no difference; it could not make valid what was void before.

The decree must be affirmed with costs.

The other Justices concurred.