(November 21, 1900.)'

# STOWELL v. TUCKER.

[62 Pac. 1033.]

WATER RIGHT—INJUNCTION.—An oral contract was made under which one party acquired a right of way and constructed an irrigating ditch over the lands of another under agreement that the latter should take fifty inches of water from said ditch annually for the irrigation of said lands; after sixteen years, the successor in interest of the former commenced an action to enjoin the successor in interest of the latter from taking said fifty inches of water, claiming that said oral contract was void because not in writing. *Held*, that injunction does not lie in favor of plaintiff.

COMMUNITY PROPERTY.—Real estate conveyed to the wife during coverture is presumed to be community property in the absence of a showing to the contrary.

HUSBAND AND WIFE.—Real estate occupied as a residence by husband and wife cannot be alienated or encumbered by the sole act of the husband.

DISCLAIMER.—In an action against husband and wife relating to a water right appurtenant to real estate occupied by them as a residence the husband filed a disclaimer. *Held*, that such disclaimer does not affect the community rights of the defendants in or to the subject matter of the action, and that the wife may defend such action.

(Syllabus by the court.)

APPEAL from District Court, Blaine County.

George M. Parsons and P. M. Bruner, for Appellants.

Our court has decided that in order to establish adverse possession, the party claiming must prove payment. (*Brose v. Boise City Ry. etc. Co.*, 5 Idaho, 694, 51 Pac. 753.) The right to water, in this state, is acquired by location; the water right and ditch conveying it are real property under our statute. (Rev. Stats., sec. 2825; *Ada Co. Farm. Irr. Co. v. Farmers' Canal Co.*, 5 Idaho, 793, 51 Pac. 990.) The right to the use of water carries with it no specific property in the water itself. (*Kidd v. Ladd*, 15 Cal. 161, 76 Am. Dec. 472.) The judgment of the lower court relieves the defendant from the neces-

sity of bearing the burden of sharing the expense of keeping up the ditch or any part of it, or of paying any taxes, and puts this burden upon the plaintiff. It also sets aside the constitutional provision that water is dedicated to a public use when it is sold, rented or distributed, as in this case. (Const., art. 15, sec. 1; *Wilterding v. Green,* 4 Idaho, 773, 45 Pac. 134; Laws 1895, pp. 178, 179.) To constitute adverse possession, there must be peaceable possession, submitted to without objection or challenge. (*Hanson v. McCue,* 42 Cal. 310, 10 Am. Rep. 299; *Cave v. Crafts,* 53 Cal. 138.) It must be exclusive in order to ripen into a title, and this can never be the case where possession is joined with the owner. (Hopkins on Real Property, 465.)

Lyttleton Price and L. L. Sullivan, for Respondents.

We append the following citations of authority upon the question of adverse possession and statute of limitations, with which we beg to submit that the judgment and decree of the lower court ought not to be disturbed. (Kinney on Irrigation, sec. 293, and cases cited, especially note 2, and sec. 294, and cases cited.)

QUARLES, J.—This action was brought by the appellants to obtain an injunction against the defendants, restraining said defendants "from preventing plaintiffs [appellants] from putting in a proper box or boxes for the measurement of fifty inches of water," and to restrain defendants from interfering with the flow of water through that certain ditch of plaintiffs described in plaintiffs' complaint. The following facts appear in the record: One Wolters, who formerly owned the land of the defendant Nancy M. Tucker, entered into an oral agreement with the predecessor in interest of appellants, the Idaho and Oregon Land Improvement Company, that the latter might construct what is known and described in the record as the "Big ditch," across the land of said Wolters, in consideration of which right of way said Wolters should take annually from said ditch fifty inches of water for the irrigation of his said lands. Said Idaho and Oregon Land Improvement Company constructed said ditch for the purpose of conveying water

from the Big Wood river to and upon lands in and adjacent to the town of Hailey, Idaho, for irrigation purposes, said ditch being built for the purpose of selling or renting water for irrigation purposes; and said ditch was, under said agreement, constructed by said company over and across the lands of said Wolters. Afterward, by purchase, the respondent Nancy M. Tucker became the owner of said lands, the same being conveyed to her by said Wolters. And the appellant, by purchase, became the owner of said Big ditch. Said ditch was constructed about the year 1883. The respondent Tucker for more than six years prior to the commencement of this action used fifty inches of water out of said ditch, with the knowledge of appellants, under claim of right, as the successor in interest of said Wolters, and in addition to which she rented annually from appellants fifty inches of water, making in all one hundred inches used by the respondent for the irrigation of the said lands purchased by her from said Wolters. In 1899 one W. T. Riley, acting as agent for the appellants, prepared and was about to place at the head of the lateral ditch of the respondents a box conveying only fifty inches of water out of said Big ditch. To this respondents objected, and refused to permit the placing of said box, whereupon this action was commenced. The respondents claimed the right to take from said ditch the fifty inches of water under the Wolters agreement, and also the fifty inches purchased or rented by her annually. This action is based upon the idea that the respondents are not entitled to the use of fifty inches of water annually from said ditch under the Wolters agreement. This contention is based upon the claim that the original agreement between the Idaho and Oregon Land Improvement Company and said Wolters, not being in writing, is void, under the statute of frauds to wit, section 6007 of the Revised Statutes. Appellants' right to said injunction is also claimed upon the fact that at the commencement of the trial in the lower court the defendant and respondent S. M. Tucker, husband of the defendant and respondent Nancy M. Tucker, filed a disclaimer to the subject matter of the action. These two questions are the only questions that we deem it necessary to fully consider.

As to the first question, we deem it sufficient to say that this action is not for specific performance of the contract mentioned above. The appellants brought this action, invoking the aid of equity to enjoin an alleged trespass. The issues made by the pleadings and the evidence in the record, introduced at the trial to support those issues, show an agreement which was fully executed by one party thereto, viz., the said Wolters. He permitted the construction of said ditch over his said lands, and yielded the right of way therefor. The predecessor in interest of the appellants received the full benefit that could accrue to it from the contract, even if said contract had been in writing, acknowledged, and recorded, and appellants now seek to evade the obligations of said contract by invoking an equitable remedy. The appellants ask equity, but refuse to do equity. The facts established by the record show that in a proper action the respondents would have been entitled to enforce specific performance of said oral contract under the provisions of section 6008 of the Revised Statutes. The appellants do not come with clean hands. Asking equity, but refusing to do equity, the judgment in this case, that appellants take nothing by this action, we regard as correct.

Upon the second question—that the disclaimer filed by the husband precludes the wife from claiming the fifty inches of water under her purchase from said Wolters—a careful inspection of the record fails to show whether said land and appurtenant water right was the separate estate of the wife or not. But it does appear from the record (it being alleged in the complaint) that the respondents, Tucker and wife, reside upon the land conveyed to Mrs. Tucker by said Wolters. The object of S. M. Tucker in filing said disclaimer is not disclosed in the record. Under the showing made, we cannot regard said land and appurtenant water right as the separate estate of Mrs. Tucker, but must presume it to be community property. If it was her separate estate, the disclaimer of the husband cannot affect or forfeit her right to the use of said fifty inches of water, as contended by the appellant; nor can it, in the light of the provisions of section 2921 of the Revised Statutes, have that effect—said section being in words as follows, to wit: "No

estate in the homestead of a married person, or in any part of the community property occupied as a residence by a married person, can be conveyed or encumbered by act of the party, unless both husband and wife join in the execution of the instrument by which it is so conveyed or encumbered, and it be acknowledged by the wife as provided in chapter 3 of this title." Under this section it is apparent that the disclaimer of the husband does not affect the water right claimed by the wife. Under section 4094 of the Revised Statutes, Mrs. Tucker could defend this action for herself and her husband. Said section is as follows: "If a husband and wife be sued together, the wife may defend her own right, and if the husband neglect to defend, she may defend for his right also." The only effect which we feel should be given to the husband's disclaimer is that he refuses to defend the action.

For the foregoing reasons, after a full and careful consideration of the record, we are of the opinion that the judgment in favor of the defendant should be affirmed. A number of questions that we have not considered in this opinion are raised in appellants' brief, and were argued at the hearing by counsel for appellants. To our minds, the two questions discussed in this opinion are conclusive of the merits of this action, and preclude the remedy sought by the appellants. Judgment affirmed. Costs of appeal awarded to respondents.

Huston, C. J., and Sullivan, J., concur.