MRS. R. M. CIVILS, Administratrix of the Estate of OLIVER K. EXUM, Deceased, Appellant, v. THE FIRST NATIONAL BANK OF POCATELLO, a Banking Corporation, and H. W. HENDERSON, Sheriff of Bannock County, Respondents.

[241 Pac. 1023.]

COMMUNITY PROPERTY—FORECLOSURE OF MORTGAGE—CANCELATION OF INSTRUMENTS—RIGHTS OF WIFE—ADMINISTRATRIX' RIGHTS.

1. A wife joined as a party defendant in an action to foreclose a mortgage upon community property, if she be not served, or does not voluntarily appear in the action, is not bound, nor are her rights concluded by the judgment, and she has the right to separately defend her rights.

2. The right of a wife to defend against foreclosure of a community property mortgage, on the ground of payment, and that she never signed the mortgage, and that her husband was unlawfully prevented from defending, passed upon her death, as an incident to her part ownership of the community, to her husband, and on his death from him to his administratrix.

3. If paragraphs of a complaint do not state a cause of action or are not essential to the statement of a cause of action it is not error to strike them.

APPEAL from the District Court of the Fifth Judicial District, for Bannock County. Hon. Robert M. Terrill, Judge.

Action for cancelation of mortgage. Judgment for defendants. *Reversed.*

R. J. Hogan and F. E. Tydeman, for Appellant.

The community property cannot be encumbered unless the instrument encumbering the same is signed and acknowledged by the wife. The mortgage upon which the judgment was secured was void. (C. S., sec. 4666; *Wits Keets Poo v. Rowton,* 28 Ida. 193, 152 Pac. 1064; *Myers v. Eby,* 33 Ida. 266, 193 Pac. 77, 12 A. L. R. 535; *Knudsen v.*

*Lythman,* 33 Ida. 794, 200 Pac. 130; *Fargo v. Bennett,* 35 Ida. 359, 206 Pac. 692; *McKinney v. Merritt,* 35 Ida. 600, 208 Pac. 244.)

If a court grants relief which under no circumstances it has authority to grant, the judgment to that extent is void, although it may have jurisdiction over the subject matter and the persons. (*Wright v. Atwood,* 33 Ida. 455, 195 Pac. 625.)

Budge & Merrill and J. M. Stevens, for Respondents.

One defendant cannot raise the question of sufficiency of service of summons on a codefendant, where the sheriff's return showing personal service is regular on its face. (*B. F. Salzar Lumber Co. v. Lindenmeier,* 54 Colo. 491, 131 Pac. 442; *Hinton v. Knott,* 134 Ill. App. 294.)

GIVENS, J.—Appellant sues as administratrix of Oliver K. Exum, survivor of Allie Exum, both dying March 27, 1923, to cancel a mortgage covering community property of the deceased Exums and to vacate and set aside a foreclosure and sheriff's certificate of sale pursuant to judgment, and restrain the sheriff from executing a deed.

The complaint in part alleged that Allie Exum never signed the mortgage and that summons in the foreclosure action was never served upon her. On respondents' motion the court struck certain paragraphs of the complaint, and refused to admit any evidence on the ground that the portions of the complaint not stricken did not state a cause of action.

Allie Exum was joined as a defendant in the original foreclosure proceedings and therefore was entitled to defend her own right, and upon her husband's neglect to defend, to defend his right also. (C. S., sec. 6638; *Overland Nat. Bank v. Halveston,* 33 Ida. 489, 196 Pac. 217.) Since a wife has the right to defend after a disclaimer is filed by the husband (*Stowell v. Tucker,* 7 Ida. 312, 62 Pac. 1033), she would certainly have such right after he has defaulted.

If process was not served upon her and she did not voluntarily appear she was not bound by the judgment. (34 C. J. 994.) If she did not sign the mortgage it was of course void. (*Knudsen v. Lythman,* 33 Ida. 794, 200 Pac. 130; *Fargo v. Bennett,* 35 Ida. 359, 206 Pac. 692; *McKinney v. Merritt,* 35 Ida. 600, 208 Pac. 244; *Childs v. Reed,* 34 Ida. 450, 202 Pac. 685; C. S., sec. 4666.)

The portion of the complaint remaining after paragraphs 15 to 22, inclusive, were stricken, on its face stated a cause of action, since the wife had the right to assert her defenses to the mortgage and such rights on her death passed as an incident to her share in the community to her husband and from him in turn to the appellant.

Paragraphs 15 to 19 of the amended complaint were to the effect that Allie Exum never signed the mortgage; that Oliver K. Exum had forged her name to it and that by fraud he had prevented her from appearing and defending the action. There was no allegation that respondents knew of such situation prior to the foreclosure. The administratrix has no greater rights than Oliver K. Exum, and while in connection with the interest of Allie Exum he could have raised any defense she had, not based on his wrongful acts, he could not have asserted a defense based on his unlawful participation therein; hence these paragraphs did not state all or any part of a cause of action in appellant's behalf and there was no error in striking them. Paragraphs 20 to 22 alleged in substance that respondents unlawfully coerced Oliver K. Exum into signing the mortgage and prevented him from making a defense thereto, and that it had been paid. These were defenses available to Allie Exum, since Oliver K. Exum did not unlawfully participate therein, and therefore should not have been stricken.

The judgment of the lower court is therefore reversed, and it is so ordered.

Costs awarded to appellant.

William A. Lee, C. J., and Wm. E. Lee, J., concur.

Budge, J., being disqualified, took no part in the opinion.

TAYLOR, J., Concurring in Part and Dissenting in Part.—I concur in the main opinion except in the holding, directly or by inference, that, after default of a husband, the wife may later defend a right of the husband lost by such default, in the absence of a showing that the husband neglected to defend, and that the husband can inherit from his wife the right to attack his own default judgment through such inheritance, without even a showing of negligence. So to hold is to reason in a circle.

I think a defense by the wife of the right of the husband, under the statute, on "neglect" of the husband, must be interposed before a default judgment, at least that the default is not presumed to be neglect without proof. I think such a right to defend the right of the husband was personal to the wife, due to her relation as wife, in its nature and agency which did not survive or pass upon her death to her heirs or representatives.

A default of itself is not evidence of neglect of the husband. To neglect means, "To fail to attend to with due care or attention; to forbear one's duty in regard to; negligently to omit or to suffer to pass unimproved, unheeded, undone, etc.; to slight." (Webster's New International Dictionary, G. & C. Merriam Co., 1921.) The husband may have given every attention due or necessary. He may have been honest and believed that the plaintiff had a just claim and he no defense, and, being unable to pay or satisfy the claim, have permitted default and judgment as the honorable thing for him to do. Yet the main opinion would permit the wife to defend his right after such default, by a holding that a default establishes neglect, under C. S., sec. 6638.

I think it is entirely unnecessary to go so far to decide the issues. A recital of the inheritance of the wife's interest in the property, with the other recitals, was sufficient to state a cause of action. In fact, I think the husband could have maintained the action, and thus his administrator could. (*Shoemaker v. Collins,* 49 Mich. 595, 14 N. W. 559.)