(No. 5307. July 12, 1929.)

HATTIE McGUIRE, Appellant, v. KATHERINE HANSEN and H. M. HANSEN, Her Husband, Respondents.

[279 Pac. 413.]

Lynn W. Culp, for Appellant, cites no authorities on points decided.

J. Ward Arney, for Respondents.

GIVENS, J.—This is a suit to impress a trust on real property by virtue of an alleged written contract to dispose

of it according to such contract. Appellant alleged in substance that shortly prior to July, 1916, Alexander Bee and Anna Bee, husband and wife, made a written agreement whereby Anna Bee was to transfer all of her interest in their community property to Alexander Bee, to be used by him during his lifetime and to cause, at the time of his death, a distribution of the same in equal portions to their three children, issue of their marriage, and to appellant, daughter of Anna Bee by a former marriage. This written contract was later lost and was not available at the time of the trial.

Shortly after making whatever agreement was made Anna Bee died. Thereafter Alexander Bee deeded certain of his property to Katherine Hansen, the respondent, and certain other property to Mary Griffith, another daughter.

The present action was instituted by appellant asking for a retransfer of the property from Katherine Hansen.

The court found that the evidence of the agreement was too uncertain, indefinite and conflicting to justify a finding of any specific agreement.

The parties virtually agree that the rule in such cases is that the contract must be proven by clear and satisfactory evidence, and that the agreement must be clear, just, definite and reasonable. (*Bliss v. Bliss*, 20 Ida. 467, 119 Pac. 451; *Bedal v. Johnson*, 37 Ida. 359, 218 Pac. 641; *Eidinger v. Mamlock*, 138 Wash. 276, 244 Pac. 684; *Mathews v. Tobias*, 126 Or. 358, 268 Pac. 988; *Lambrecht v. Poudre Valley Bank*, 83 Colo. 387, 265 Pac. 901; *Brennen v. Derby*, 124 Or. 574, 265 Pac. 425; *Bowen v. Galloway*, 125 Kan. 568, 264 Pac. 1038.)

There is some testimony that under the agreement each of the four children was to receive one-fourth interest in the property Alexander Bee should have at the time of his death. There was likewise evidence on the part of Alexander Bee to the effect that the agreement was that he might give the bulk of his property "to the child that done the best for me." Conceding that there was an agreement of some kind, in view of the conflict in the testimony, it cannot be said that the evidence clearly showed that each

of the children was to receive a one-fourth part of the property.

The burden of proof was on appellant to substantiate her claim that this property should be ordered redeeded and the record does not disclose that she has sustained this burden.

The court in its decree did not adjudicate the effect of a trust agreement, if there was one, on any property other than that deeded to Katherine Hansen. In view of the record herein, it would seem premature to determine definitely at this time whether there was a trust agreement, and if so, the terms thereof, as to any property retained by Alexander Bee.

As limited above, the decree is sustained.

Costs awarded to respondent.

Budge, C. J., and T. Bailey Lee, Wm. E. Lee and Varian, JJ., concur.