(No. 5896.   February 15, 1933.)

DORA M. AKER, Respondent, v. LESLIE J. AKER, Respondent, and CARRIE B. AKER, Appellant.

[20 Pac. (2d) 796.]

Oppenheim & Lampert and Ira E. Barber, for Appellant.

Delana & Delana and C. S. Hunter, for Respondent.

GIVENS, J.—In a divorce action by Dora M. Aker, plaintiff and respondent, against Leslie J. Aker, defendant and respondent, plaintiff asked that certain designated real property be distributed to her as community property, for the support, etc., of herself and minor child.

Carrie B. Aker, Leslie J. Aker's mother, claimed the property, as having been purchased for her by her son with her funds.

Appellant appeals from a judgment rendered in favor of respondent Dora M. Aker, holding that the property in question was purchased with community funds except a 500/8550th interest decreed to appellant.

Dora M. Aker and Leslie J. Aker were married in 1915, and came to Boise from Oregon about 1924. The property in question was purchased June 27, 1924, from W. Scott Neal and his wife, the deed running to appellant.

Respondent introduced evidence to the effect that there was an understanding between the three parties herein that the deed was so taken to avoid the payment by Leslie J. Aker of a real estate commission, and that the property was to be conveyed to both respondents, and that it was

understood between the three that the purchase price was made up of community funds.

Thereafter, July 2, 1924, a deed was made from appellant to respondent Leslie J. Aker, but was not recorded, and was kept by appellant in a safety deposit box in the Boise City National Bank until 1928 or 1929, when respondents' marital troubles became acute. There is a conflict in the evidence as to whether appellant had access to this box. An official of the bank testified that she did not; appellant and respondent Leslie J. Aker to the contrary. Respondent Dora M. Aker testified that she saw this deed in the box once, and that later it was taken out; that she spoke to her husband about it, and he said it was in the same place; that later it was returned to the box.

At the end of the deed before the attesting clause is the following in typewriting: "This deed to take effect only upon the death of Carrie B. Aker." Respondent Dora M. Aker testified that this was not on the deed when it was executed and delivered, and she contends, and the court found, that the respondent Leslie J. Aker and appellant, fraudulently inserted this in the deed after delivery, in an attempt to defraud respondent of her rights. An expert testified that it was not written at the time the body of the deed was written, and an inspection of the document would lend credence to this conclusion. The court found that the deed was delivered without any condition. Appellant attacks this finding as not supported by the evidence, and that the burden of proof was improperly placed by the court upon appellant in proving the sources of the purchase price of the property.

Appellant contends, and produced some evidence, that the purchase price of the property came from the proceeds of the sale of certain property in Ontario belonging to appellant, respondent Leslie J. Aker's earnings in Oregon prior to coming to Idaho which under the Oregon statutes were his separate, and not community property, and the repayment by Leslie J. Aker to appellant of indebtedness in-

curred over a period of years from 1909 to 1925, consisting of monies advanced by appellant and loaned to Leslie J. Aker to assist in his education, in starting in the law business and carrying on his office, and for rent due and in part paid by respondent Leslie J. Aker to appellant for the occupation of appellant's premises by Leslie J. Aker when single, and after his marriage.

As opposed to this contention and this evidence, there was no written evidence of such indebtedness ever given by the son to the mother acknowledging or showing any such indebtedness.

There was a lengthy cross-examination of respondent Leslie J. Aker as to his data, memoranda, account-books, etc., tending to show receipt of fees in Idaho after his marriage, which under the statutes were community property, inconsistent with the contention that the receipts were advances made by the mother to her son; the commingling of appellant's funds, if any, in the possession of the son, and failure to trace fees received in Oregon to the money in his possession in Idaho and money received from his mother, culminating in a colloquy in which it was virtually admitted by counsel for appellant that the only amount of money that was definitely traced to funds of Carrie B. Aker from the Tureman property owned by her, was the $500 Certificate of Deposit No. 37586.

The deed from appellant to her son was, as to the respondent, under sec. 31–907, I. C. A., presumed to be community property, and this court has repeatedly held that under such circumstances, the burden of proof is upon anyone attempting to show that it was not community property. (*Stowell v. Tucker,* 7 Ida. 312, 62 Pac. 1033; *Stewart v. Weiser Lumber Co.,* 21 Ida. 340, 121 Pac. 775; *Humbird Lumber Co. v. Doran,* 24 Ida. 507, 135 Pac. 66; *Chaney v. The Gauld Co.,* 28 Ida. 76, 152 Pac. 468; *Clifford v. Lake,* 33 Ida. 77, 190 Pac. 714; *Bannock Nat. Bank v. Automobile Accessories Co.,* 37 Ida. 787, 219 Pac. 200; *McMillan v. United States Fire Ins. Co.,* 48 Ida. 163, 280 Pac.

220; *Prescott v. Snell*, 50 Ida. 644, 299 Pac. 1079; *Snell v. Stickler*, 50 Ida. 648, 299 Pac. 1080.)

It was proper in the divorce action to determine the property rights involved herein. (*Trader v. Trader*, 48 Ida. 722, 285 Pac. 678.)

Appellant urges that respondent is bound by the recitals in the deed, namely, the conditional clause. This would only be true in the event that the clause was in there when the deed was first prepared and when delivered, and that respondent Dora M. Aker knew it was there at that time, and that by her then silence or later acquiescence she would be estopped, the deed being held governed by the conditional clause; which knowledge she did not possess, and attitude she did not take. (21 C. J., p. 1205, sec. 206, note 27.)

Appellant cites secs. 7–901, 7–902, 7–903 and 9–402, I. C. A., as authority for the contention that disclaimer by Leslie J. Aker entitled appellant to a decree for such interest as he might have had in the property. Where community property is involved, the filing of a disclaimer by the husband does not preclude the wife from defending or prosecuting her rights with respect to such property. (*Stowell v. Tucker*, 7 Ida. 312, 62 Pac. 1033; *Civils v. First Nat. Bank*, 41 Ida. 690, 241 Pac. 1023.

Appellant continually urges that the burden of proof was upon the respondent Dora M. Aker to show as it is claimed she alleged, either an express or a resulting trust. This contention might be meritorious if it were not for the deed from the mother to the son. In other words, if the title depended upon the deed from the Neals to appellant, the record would stand with the title in appellant's name, but such is not the case.

Appellant also urges that respondent is bound by the statute of limitations. She knew of the deed from appellant to Leslie J. Aker, and had no reason to raise any issue as to the community property until its effect was questioned by appellant and respondent Leslie J. Aker, and

720

her suit was therefore within ample time. (37 C. J., p. 953, sec. 323; 37 C. J., p. 954, note 48; 37 C. J., p. 327, sec. 955.)

■ The following circumstances, which the trial court was entitled to consider, were ample justification for the conclusion that the deed from appellant to Leslie J. Aker was delivered, and that at the time the reservation clause: "This deed to take effect only upon the death of Carrie B. Aker," was not in it:

First, the testimony that the deed to appellant was to avoid a real estate commission; second, an attempt on the part of Leslie J. Aker to show that he still had trust funds in his possession after the purchase of the Neal property, and after his mother had, as she herself testified, theretofore destroyed nearly all her papers and considered that her accounts with her son had been settled; testimony that appellant had no access to the safety deposit box in the Boise City National Bank, and the testimony of the expert and the internal evidence in the deed itself, that the reservation clause was written after the deed was first prepared; certain transfers to appellant of property inherited by Leslie J. Aker and his sister; the conflict in the evidence and unreliability of the evidence showing a debt from Leslie J. Aker to appellant, *Moody v. Beggs*, 33 Ida. 535, 196 Pac. 306, and the possession by Leslie J. Aker of any trust fund, hence no interest in the first place, of appellant's interest in the property; the express desire by Leslie J. Aker, stated to his wife in the presence of appellant, though denied by Leslie J. Aker and appellant, which merely made a conflict in the evidence, to deed one-half of this property to appellant; the continuous, uninterrupted and almost exclusive possession of the property by respondents, appellant merely visiting them at certain infrequent times; no assertion at any time by appellant until differences arose between respondents that she owned the property or had any interest in it.

The property in question was purchased with funds which either belonged in part to the mother and the son or exclusively to the mother, though in the possession of the son, or from community funds belonging to respondents, or in part from both sources, the latter being the finding of the trial court. The title to the property standing in the name of the community, the burden of proof under the statutes and decisions referred to above, was upon appellant to show that it was not community property, and under the authorities cited by appellant to the effect that a trust, either express or resulting, must be proved by clear and convincing evidence, placed such burden on her, because if her funds went into the purchase of the property and thereby resulted in a trust in her favor, the same must be proved, in view of the deed from appellant to Leslie J. Aker; not alone in view of the deed from Neals to appellant.

No rights of creditors are involved, hence the failure to record the deed, since there was no further transfer attempted to be made by appellant in derogation of the deed from her to Leslie J. Aker, does not avail appellant. (18 C. J. 247.)

We may concede that all of the money earned by Leslie J. Aker in Oregon was separate property and not part of the community. There remains the determination of whether any of the money accumulated by him in Oregon was used in the purchase of the property (*Douglas v. Douglas*, 22 Ida. 336, 125 Pac. 796), and the court found that it was not.

Appellant cites secs. 28–103 and 28–104, I. C. A., to support the proposition that there is a legal or equitable presumption that appellant purchased the property with her own funds. These sections merely provide that a written instrument is presumptive evidence of a consideration and that the burden of showing want of consideration sufficient to support an instrument lies with the party seeking to avoid it. Granted; they do not go to the extent of

presuming the source of such consideration. If this presumption is to be considered as effective, it would lead to the presumption that community funds were the consideration for the transfer of the property from appellant to Leslie J. Aker, thus not availing appellant, and her contention that the burden of proof was on Dora M. Aker is contrary to the statutes and holdings of this court above.

Appellant urges that the husband as head of the community had unrestricted authority to repay trust funds or borrowed money out of either separate or community funds or earnings, citing secs. 31–902, 31–913, I. C. A., cases annotated thereunder and authorities of similar import. We may concede this to be the law, but the determinative factor is, first, whether there were any trust funds or borrowed money, and, second, whether he attempted to repay them in the acquisition of the property involved herein. The court found against appellant on both propositions, and on evidence which, though conflicting, is sufficient to sustain the court.

The authorities indicate that if a party fails to establish an express trust because not in writing, a resulting trust may be established by operation of law, determined from the acts and intentions of the parties. (39 Cyc. 109.) In view of the fact that we have this deed from appellant to Leslie J. Aker, under the rule just above noted, this burden was placed upon appellant, in line with *McGuire v. Hansen,* 48 Ida. 34, 279 Pac. 413, where the court found that there was no trust, and *National Bank of Idaho v. D. W. Standrod & Co.,* 47 Ida. 93, 272 Pac. 700, where the court found that the person asserting the trust did not furnish the purchase price of the property in question. To the extent that the court considered appellant herein had shown the establishment of a trust, resulting or otherwise, without expressly defining it, he gave her 500/8550 of the property, and appellant must, to sustain such portion of the decree, rely upon the rule that the court had power to decree a resulting trust, even though respondent had failed to estab-

lish an express trust. (Sec. 16–504, I. C. A.), since a resulting trust may be established by parol evidence. (*Pittock v. Pittock*, 15 Ida. 426, 98 Pac. 719; *Coughanour v. Grayson*, 19 Ida. 255, 113 Pac. 724. See 39 Cyc. 104.)

Appellant must concede this to be a proper construction of the law, otherwise, since we cannot leave out of consideration the deed from appellant to Leslie J. Aker, there was absolutely no writing to show an express trust in favor of appellant to the extent of 500/8550 of the property or any other amount, and to sustain this apportionment to her, it must rest on the theory of a resulting trust resting on parol evidence, showing that she contributed this much of the purchase price.

18 C. J. 421, cited by appellant, is not applicable, because there can be no question but that some consideration was paid. The question is, from what source did the consideration come?

Appellant complains that she was not allowed to show when respondent Leslie J. Aker came to Idaho, and what fees he had received in Oregon. No offer was made in this connection as showing that any fees received in Oregon were retained by him in Idaho, and went into the purchase of the property other than was shown in his examination, direct and cross, nor did appellant in her brief show how she was prejudiced by such ruling. Furthermore, the discussion between court and counsel relative to tracing the money that went into the Neal property, shows that respondent Dora M. Aker's counsel desired to specifically trace the funds in spite of the court's assurance that respondent was entitled to the benefit of the presumption that they were community funds, and that appellant made no further contention that fees received by Leslie J. Aker in Oregon were used as part of the purchase price of the property in question.

Appellant also complains because of certain conversations between Dora M. Aker and Leslie J. Aker, detailed by Dora M. Aker, as inadmissible, not being in the

presence of appellant. Appellant, however, repeatedly re-iterated that at the time these conversations took place, Leslie J. Aker was her agent, and managed practically all her affairs for her. It is elementary that within the scope of authority, the statements of an agent are binding on the principal. (2 Jones' Commentaries on Evidence, sec. 255, p. 438 et seq.; Id., sec. 356, p. 848 et seq.; 22 C. J., sec. 440, p. 367 et seq.), and appellant is in no position to urge that Leslie J. Aker was not her agent to the extent, at least, that he used $500 of her funds, as found by the court, in the purchase of the property, because while appealing from the entire judgment, and urging that she is entitled to all of the property, she has not repudiated the award to her of the 500/8550 portion thereof.

Appellant also complains about an amendment made July 30, 1930, at the conclusion of the case by Dora M. Aker, but the amendment did not change the nature of the cause of action. The subject matter of the amendment was fully gone into during the trial, and all parties tried the case on that theory (*Weed v. Idaho Copper Co.,* 51 Ida. 737, 754, 10 Pac. (2d) 613), and appellant has not shown that she was so prejudiced by such amendment as to indicate that the trial court abused his discretion in allowing the amendment.

Appellant also urges that respondent Dora M. Aker knew, or must have known, of the insertion of the conditional clause in the deed from appellant to Leslie J. Aker, because such a length of time elapsed before the bringing of the action and her assertion on the witness-stand that she did not know until the later date of this being in the deed, as to estop her from contending that it was not there when the deed was first prepared. These were all circumstances for the trial court in determining the credibility of the witnesses.

It is pertinent to observe in regard to the presumption, and necessity of proving trust funds or debts, that counsel for respondent Dora M. Aker did not rely upon a presump-

tion but by cross-examination traced the community funds, and attacked the showing of any indebtedness or trust fund.

As to the demurrers and motions to dismiss, the complaint stated a cause of action, and the issue of ownership of the property and the source of the funds which purchased it were clearly raised and understood by all parties to the controversy. (*Trader v. Trader, supra.*)

In the final analysis, as indicated by the trial court, the determinative issue is one of fact; namely, the source of the funds which went into the purchase of the property and the court having found on conflicting, though, sufficient evidence that these were made up of community funds except as to the share given to appellant, the judgment is affirmed.

Budge, C. J., Holden, J., Babcock, D. J., and Rice, D. J., concur.

Petition for rehearing denied.