359 P.2d 639

Catherine L. ANACABE, doing business as
Ex-Cel-Cis Beauty Salon and School,
Plaintiff-Appellant,

v.

FIRST SECURITY BANK OF IDAHO, NA-
TIONAL ASSOCIATION, a corporation as
trustee of the Estate of Reilly Atkinson,
Defendant-Respondent.

No. 8927.

Supreme Court of Idaho.

Feb. 23, 1961.

W. A. Johnston, Boise, for appellant.

Moffatt & Thomas, Boise, for respondent.

**KNUDSON, Justice.**

For a period of time prior to June 10, 1948, Reilly Atkinson leased certain premises owned by him and situated in the City of Boise, to appellant. The first written lease agreement between said parties was dated February 27, 1948, for a term expiring November 30, 1950.

By instrument dated November 30, 1950, wherein Mr. Atkinson and his wife are designated as "first parties" and appellant as "second party" (which instrument will hereinafter be referred to as "extension agreement"), the term of the original written lease agreement was extended for two years expiring November 30, 1952, and the monthly rental was therein fixed at $180. No other written lease or rental agreement was made between said parties until August 1, 1953. Said last mentioned lease provided for monthly rental payments of $245 for a term of five years from August 1, 1953, and made no reference to advance payments of rent.

Reilly Atkinson died December 16, 1953. Probate proceedings were promptly commenced. Respondent bank was regularly appointed executor of Mr. Atkinson's estate and regularly caused notice to creditors to be given.

On September 28, 1954, respondent, as executor of said estate, sold and conveyed the reversion in said leased premises to one Walter Cranston. No claim was presented or otherwise made against said estate by appellant or any person acting on her behalf and under decree of distribution dated January 14, 1955, said estate was regularly distributed to respondent bank as testamentary trustee for the heirs and devisees of Reilly Atkinson, deceased.

On or about April 30, 1957, appellant made demand upon respondent as trustee of said estate for repayment of $540 allegedly paid to Mr. Atkinson as rent deposit, but never used as such. Respondent refused said demand and this action was commenced. At the close of appellant's case respondent moved for a nonsuit and dismissal of appellant's action upon the ground that appellant's evidence failed to prove a claim or cause of action against respondent upon which relief could be granted. Said motion was granted and judgment entered accordingly. This appeal is from said judgment of dismissal.

Appellant's first four specifications of error relate to claimed error by the trial court in sustaining respondent's motion for dismissal and will be considered together.

It is appellant's contention that notwithstanding the language in the extension agreement to the effect that the $540 was advance rent for the months of September,

October and November, 1952, the fact that it was not so applied is evidence that the intention of the parties regarding such payment underwent a change after said agreement was signed. In support of such contention appellant introduced evidence in the form of checks issued by appellant to Mr. Atkinson showing that during the extended term as provided in said agreement appellant made her regular monthly rent payments for all months including September, October and November, 1952. Appellant further contends that since the money was not at once returned to appellant, after the expiration of the term specified in the extension agreement, it was necessarily held as security for the performance of appellant's business obligation to her landlord; that said money ($540) became a trust fund and that Mr. Atkinson became, and at the time of his death was, trustee of such fund; that since it was a trust fund it was not necessary for appellant to file a claim against the Atkinson estate, nor is appellant barred by the four year statute of limitations.

 It is appellant's contention that the evidence is sufficient to establish a prima facie case on the theory that the money here involved was, by Mr. Atkinson during his lifetime, held as a trust fund, and we shall first give consideration to such contention.

Both parties have, in their respective briefs, referred to the lease dated February 27, 1948, as being the original lease between appellant and Reilly Atkinson. The record does not contain the original or any copy of such lease and we do not know all of its provisions. However, it is undisputed that under its terms the rent was $160 per month; that appellant agreed to pay, and did pay, in advance, the sum of $480 as rent and that it expired November 30, 1950. Appellant cites here "check and deposit register" (Exh. No. 1) and a letter dated May 1, 1957, written by attorney for respondent to attorney for appellant (Exh. No. 10) as evidence supporting appellant's contention that said $480 had been held by Mr. Atkinson as security.

An examination of said exhibits discloses that said Exh. No. 1 contains an entry under date of June 10, 1948, showing that a check in the amount of $480 was then issued to Reilly Atkinson in payment of "3 month rent". Exh. No. 10 contains the following statement:

"I have examined the files in this matter and find that lease was originally entered into in 1948, at which time Mrs. Anacabe, as lessee, made a deposit of the last three months' rent of the lease." (Emphasis supplied.)

In this connection it is difficult to reconcile appellant's present contention with the contents of a letter (Exh. No. 11) which was prepared by appellant's counsel dated April 30, 1957, addressed to respondent and

is referred to by appellant as the instrument by which demand was made upon respondent for payment of the amount involved in this action. Throughout said letter the $480 payment above mentioned and the $540 payment herein sought to be recovered are each referred to as "rent deposit" and there is no intimation that either amount was paid or regarded as security for any purpose. The following are excerpts from said letter:

"In relation to the matter of the $540.00 rent deposit made by Catherine L. Anacabe to the late Reilly Atkinson of whose estate I believe the bank is testamentary trustee, * * *.

"To recapitulate briefly, it appears that on or about January 1, 1949, Mrs. Anacabe paid $480.00 to Mr. Atkinson as three months rent to be applied to the last three months of a lease current at that time; on November 27, 1950, the sum was increased by $60.00 also paid for the same purpose, apparently as an adjustment for an increase of $20.00 in rent that was agreed upon between the parties for each month.

\* \* \* \* \* \*

"A form of lease prepared by Mr. Atkinson recites the making of the $540.00 rent deposit. Mrs. Anacabe's books show the making of the rent deposit, and that the same was never used by Mrs. Anacabe in the payment of any rentals."

The only other instrument or exhibit contained in the record which provides material evidence tending to prove the nature and purpose of the $540 payment here involved is the extension agreement (Exh. No. 8), the pertinent provisions of which are:

"Whereas, First Parties are the Lessors, and Second Party is the Lessee, in a lease dated February 27, 1948, covering premises situated at 119–121 South Ninth Street, Boise, Idaho, and that portion of the basement of said building appurtenant thereto, for a term expiring November 30, 1950; and,

"Whereas, It is the desire of the parties hereto to extend the term of said lease for a period of two years, at the monthly rental of One Hundred Eighty Dollars ($180.00);

"Now, Therefore, In consideration of the mutual promises, covenants and agreements, it is agreed between the parties hereto as follows:

"First: That the term of the aforementioned lease between the parties hereto covering premises situated at 119–121 South Ninth Street, Boise, Idaho, and that portion of the basement of said building appurtenant thereto, be and the same hereby is extended for a term of two years, expiring November 30, 1952, at the monthly rental of One Hundred Eighty Dollars ($180.00).

"Second: That First Parties hereby state that the rents for the last three months of said extended term, to-wit: September, 1952, October, 1952, and November, 1952, totaling $540.00, have been paid in advance, and that the rental for the month of December, 1950, in the sum of $180.00, has been paid in advance, the receipt whereof being hereby acknowledged by said First Parties.

"Third: That all of the other terms and conditions in said lease remain in full force and effect, to all legal intentions and purposes as if contained in a new and formal indenture of lease."

The record does not disclose what the rental agreement between the parties was from November 30, 1952 (expiration of extension agreement) to August 1, 1953 (date of last lease). The evidence does show that during said interim the amount of the monthly rental was changed from $180 to $245.

Other material evidence to be considered in connection with appellant's said contention is the fact that under date of August 1, 1953, the same parties entered into another lease agreement for a term of five years from said date at a monthly rental of $245. In said lease there is no mention whatever of the money here claimed by appellant nor any advance payment of rental; it contains nothing to intimate that either party is indebted or obligated to the other by reason of any past transactions, dealings or payments.

The evidence also shows that at the time of Mr. Atkinson's death all of his funds were comingled in one bank account and he possessed no record which indicated that he received, held or regarded the $540 payment as a trust account or as security for any purpose.

In Brooks v. Coppedge, 71 Idaho 166, 228 P.2d 248, 252, 27 A.L.R.2d 645, this Court quoted with approval from 16 R.C.L. 931 the following:

" 'Provision is sometimes made in a lease for the payment in advance of the rents of the last or later periods of the lease, and such a provision has been held not to be a security merely for the lessee's performance of his agreements in the lease, but purely a payment of rent in advance, and therefore may be retained by the lessor though he terminates the lease for the default of the lessee as provided for in the lease' ".

In this case the agreement between the parties was reduced to writing in plain unambiguous language and the determination as to what the parties understood and agreed to rests upon what such writing provides. The language used in each of said exhibits and particularly the extension agreement, clearly states that the money

here claimed by appellant was paid to Mr. Atkinson in payment of rent and it would be inconsistent and contradictory to construe such language otherwise. Nor is there any evidence of action of the parties from which it could be reasonably concluded that it was the implied understanding between them that the payment involved was not to be the property of Mr. Atkinson. The extension agreement specifically states what the $540 payment was for and is binding upon the parties to it. Fidelity Trust Co. v. State, 72 Idaho 137, 237 P.2d 1058; Brooks v. Coppedge, supra; Larsen v. Buys, 49 Idaho 615, 292 P. 239.

■ Since appellant relies upon a contention that the amount claimed was the subject of an implied, constructive or resulting trust, it became her burden to establish such by clear, cogent and convincing evidence. Shurrum v. Watts, 80 Idaho 44, 324 P.2d 380; Dunn v. Dunn, 59 Idaho 473, 83 P.2d 471; McGuire v. Hansen, 48 Idaho 34, 279 P. 413. No such trust relationship has been proved.

Appellant has repeatedly cited the case of Reiter v. Rothschild, 4 Cal.Unrep. 103, 33 P. 849, 850, as supporting her contention in this case. We are unable to see how it can be so considered since the instrument which the Court there had under consideration provided as follows:

"And whereas, *as security* for the prompt payment of the rent therein reserved and agreed to be paid by the said party of the second part * * * the said party of the second part has paid to, deposited, and left with H. Rothschild the sum of five hundred dollars ($500) in gold coin, *to be kept, used and employed by him only for the uses and purposes herein stated"*. (Emphasis supplied.)

It will be noted that the instrument above quoted specifically provides that the deposit or payment was "as security" whereas in the instant case the instrument involved provides that the payment is for "rents for the last three months of said extended term * * *".

Appellant having failed to establish any trust relationship relative to the payment sought to be recovered it is clear that if appellant did not receive any consideration for such payment her remedy was by a proceeding such as is provided for a creditor. Since Reilly Atkinson lived more than a year after the time appellant was (under the terms of the extension agreement) entitled to credit for said payment she could have filed action against him during his lifetime, or later filed claim against his estate within the time provided by law (I.C. § 15–602). The fact is that no claim was made until four years and five months had expired since she became entitled to the claimed credit.

Appellant assigns as error the court's refusal to admit appellant's Exh. No. 7, which purports to be a summary of checks issued by appellant to Reilly Atkinson for rent during the period commencing June 10, 1948, and ending December 28, 1953. The exhibit is certified to by a public accountant but it was offered in evidence after being identified by a witness who neither prepared nor completely checked it. The court's ruling was correct.

The court's action in sustaining objection to a question concerning the value of the Reilly Atkinson estate is also assigned as error. The witness was permitted to testify that the estate was worth over $540. Appellant was not in any manner prejudiced by such ruling and it was not error.

We have examined the record relative to appellant's 7th assignment of error and find that the ruling complained of was not erroneous.

The record is convincing that appellant did not establish a prima facie case under any theory which would entitle her to any relief.

The judgment of the trial court is affirmed.

Costs to respondent.

TAYLOR, C. J., and SMITH, McQUADE and McFADDEN, JJ., concur.